**UNITED STATES of America, Appellee,**

v.

**Vince Joseph BRISCHETTO, Appellant.**

**No. 76–1081.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 14, 1976.
Decided July 13, 1976.

Robert D. Blitz, Reizman & Blitz, Clayton, Mo., for appellant.

Donald J. Stohr (former U. S. Atty.), Michael W. Reap, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Barry A. Short, U. S. Atty., St. Louis, Mo., on brief.

Before VAN OOSTERHOUT, Senior Circuit Judge, LAY and HENLEY, Circuit Judges.

VAN OOSTERHOUT, Senior Circuit Judge.

Defendant Vince Joseph Brischetto has taken a timely appeal from his conviction by a jury on an indictment charging him with possession of 75 pounds of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and the resulting sentence of five years to be followed by a mandatory minimum two year parole.

The sole issue presented by this appeal is the denial of defendant's requested instruction covering the included offense of possession of marijuana, in violation of 21 U.S.C. § 844. Such offense carries a substantially lower penalty than the offense charged in the indictment. For the reasons hereinafter stated, we hold the court erred in refusing to give the included offense instruction and we reverse the conviction.

The law with respect to submission of included offense instructions is well-settled.

In *Keeble v. United States*, 412 U.S. 205, 208, 93 S.Ct. 1993, 1995, 36 L.Ed.2d 844 (1973), the Supreme Court held:

Although the lesser included offense doctrine developed at common law to assist the prosecution in cases where the evidence failed to establish some element of the offense originally charged, it is now beyond dispute that the defendant is entitled to an instruction on a lesser included offense if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater. The Federal Rules of Criminal Procedure deal with lesser included offenses, see Rule 31(c), and the defendant's right to such an instruction has been recognized in numerous decisions of this Court. (Citations omitted.)

In *United States v. Thompson*, 492 F.2d 359, 362 (8th Cir. 1974), this court held:

A defendant is entitled to an instruction on a lesser included offense if: (1) a proper request is made; (2) the elements of the lesser offense are identical to part of the elements of the greater offense; (3) *there is some evidence which would justify conviction of the lesser offense*; (4) the proof on the element or elements differentiating the two crimes is sufficiently in dispute so that the jury may consistently find the defendant innocent of the greater and guilty of the lesser included offense; and (5) there is mutuality, *i. e.*, a charge may be demanded by either the prosecution or defense. (Citations omitted.)

In our present case there is no question but that elements (1), (2) and (5) set forth in *Thompson* were met. The Government contends that the trial court properly denied the requested included offense instruction on the grounds that items (3) and (4) of the *Thompson* standards have not been met.

An essential element of the offense covered by the indictment is proof of intent to distribute. Such proof is not required for a conviction under 21 U.S.C. § 844 covered by the requested instruction.

A careful review of the entire record satisfies us that there is substantial evi-

dence to support a conviction on either charge. The evidence in support of the simple possession charge is stronger than that on the intent to distribute charge.

The Government's testimony in support of the intent to distribute charge consists principally of the testimony of defendant's alleged accomplices, Raymond Allford and Gary McCord. Allford and McCord had been jointly indicted with the defendant and had entered guilty pleas. Their testimony was in some respects inconsistent with the statements they gave the Government at the time of the arrest. Moreover, Government agents Wells and Wagner admitted on cross examination that Brischetto had not made any offers to sell marijuana in their presence.

 Defendant as a witness on his own behalf testified that he had no knowledge that the marijuana was in his car. He further testified that he did not offer to sell marijuana to any officer or to the McCords, and there is no testimony by any witness other than the accomplices that defendant participated in any offer of sale. The credit to be given the accomplices' testimony presented an issue for determination by the jury.

The Government also relied upon the permissible inference of intent to distribute that can arise from the possession of a large quantity of a controlled substance. Such an inference may be made by the jury, but the jury is not compelled to make the inference. *United States v. Marchildon*, 519 F.2d 337, 345 (8th Cir. 1975); *United States v. Blake*, 484 F.2d 50, 58 (8th Cir. 1973). The possession of the quantity of marijuana here involved is sufficient to permit an inference by the jury of an intent to distribute. However, the jury, on the basis of the evidence before us, was free to determine whether or not to draw the inference. We hold that a dispute in the evidence exists with respect to the issue of defendant's intent to distribute. Such dispute requires resolution by the jury. A rational basis exists for the jury to convict the defendant on the possession charge and acquit him on the intent to distribute charge. The court

erred in denying defendant's requested instruction.

Reversed and remanded.