UNITED STATES of America, Appellee,

v.

Carlos VALLE, Appellant.

No. 80–1749.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 13, 1981.

Decided April 1, 1981.

Ronald S. Reed, Jr., U. S. Atty., Robert G. Ulrich, Asst. U. S. Atty., Springfield, Mo., for plaintiff-appellee.

R. Steven Brown, Asst. Federal Public Defender, Springfield, Mo., for appellant.

Before LAY, Chief Judge, and STEPHENSON and ARNOLD, Circuit Judges.

PER CURIAM.

Carlos Valle was convicted of knowingly and willfully depositing or causing to be deposited in the mail a letter containing a threat to take the life of the President of the United States, in violation of 18 U.S.C. § 871(a). He brings this appeal.

Valle alleges that the trial court erred in refusing to suppress statements made by him to a Secret Service Agent while he was incarcerated at the Federal Correctional Institution at Ashland, Kentucky. As one of his grounds for error Valle contends that the trial court improperly placed the burden of proof on the defendant. We initially remanded this case to the trial court with instructions to review the evidence and make new findings regarding the voluntariness of Valle's statement according to guidelines set out in *Lego v. Twomey*, 404 U.S. 477, 489, 92 S.Ct. 619, 626, 30 L.Ed.2d 618 (1972) and *Hutto v. Ross*, 429 U.S. 28, 97 S.Ct. 202, 50 L.Ed.2d 194 (1976). On remand the trial court found that Valle had been fully warned of his *Miranda* rights; that he understood them and did not make any request for an attorney; that he stated that he was willing to talk to the Secret Service Agent; and that the statement in question was voluntarily given by Valle. The trial court concluded that the prosecution proved the voluntariness of Valle's statement by an overwhelming preponderance of the evidence.

Valle disputes the trial court's finding that the statement was made voluntarily. After being advised of his *Miranda* rights Valle claims that he requested an attorney but was not provided with one and was instead subjected to questioning by Secret Service Agent Bell. During the questioning Valle made a statement to Bell, but in the suppression hearing there was contradictory testimony as to the exact text of the statement.[1] Bell testified that he read Valle his rights and that Valle indicated a willingness to talk to him but refused to sign the form waiving his *Miranda* rights. Bell stated that Valle did not request an attorney.

In assessing the voluntariness of a waiver of *Miranda* rights this court has held that "[a] voluntary waiver need not assume any particular form; ... it may be made orally by replying to questions.... A valid waiver of rights does not require an express declaration to that effect.... The validity of a waiver is determined from all of the surrounding circumstances...." *United States v. Mears*, 614 F.2d 1175, 1178 (8th Cir. 1980). Upon review, factual findings of the trial court with regard to motions to suppress are subject to the clearly erroneous standard. *United States v. Williams*, 604 F.2d 1102, 1121 (8th Cir. 1979). As we have stated previously, "[t]he court is especially reluctant to set aside findings where ... those findings rest primarily on the judge's assessment of the credibility of the witnesses." *United States v. Dochterman*, 630 F.2d 652, 653 (8th Cir. 1980). Accordingly, the decision of the trial court concerning a motion to suppress will be upheld where it can be supported by any reasonable view of the evidence. *United States v. Williams*, 604 F.2d at 1121. Here the trial court had ample opportunity to

---

1. Bell testified that "he came out with the statement like 'There's two letters. You read the other one, didn't you? I sent one to the President and one to the federal judge in New York City.'" Valle, however, testified that "[t]he only statement that I made, I did not wrote the letter and the other statement I made was that you got a letter from New York, a New York letter."

satisfy itself as to the demeanor and credibility of the witnesses. We hold that there was sufficient evidence for the district court to conclude that the statement made by Valle to Bell was voluntary, thus the findings of the district court cannot be considered clearly erroneous. The conviction is affirmed.