UNITED STATES of America, Appellee,

v.

Anthony Dewayne ASHBY, Appellant.

No. 85–1156.

United States Court of Appeals,
Eighth Circuit.

Submitted July 22, 1985.
Decided Aug. 26, 1985.

Tripper Chronkhite, Little Rock, Ark., for appellant.

Robert L. Neighbors, Asst. U.S. Atty., Little Rock, Ark., for appellee.

Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

Anthony Dewayne Ashby appeals from his conviction of aiding and abetting the obstruction of correspondence in violation of 18 U.S.C. § 1702 (1982). For reversal he argues that the district court[1] erred in: (1) failing to instruct the jury that a section 1702 offense cannot be committed after mail has been stolen; (2) failing to give a lesser included offense instruction on obstruction of mail (18 U.S.C. § 1701 (1982)); and (3) admitting into evidence a statement he made involuntarily during a custodial interrogation. We affirm the conviction.

On November 12, 1983, Ashby saw a mail bag fall out of the back of a mail truck while he was sitting in a parked car belonging to Andre Lewis. Shortly thereafter Lewis returned to the car, and Ashby showed him the bag. Lewis picked up the bag and placed it in the car. The two men then drove to Lewis's girlfriend's apartment, and Lewis carried the bag into the apartment. Lewis and Ashby went through the contents of the bag and each pocketed about sixty dollars in cash. Lewis then threw the bag of opened mail into a dumpster and drove Ashby home. Ashby had nothing further to do with the mail. Lewis, however, later removed the bag from the dumpster and with two other men altered and cashed several checks.

Following an investigation, a postal inspector appeared at Ashby's home and asked that Ashby accompany him to an office to answer some questions. Ashby agreed and rode with the inspector to the office. Although what happened next is in dispute, the district court found that Ashby, *after* being read his rights and *after* signing a waiver form, voluntarily confessed to going through the mail bag with Lewis and taking approximately sixty dollars in cash.

Ashby was later convicted of aiding and abetting the obstruction of correspondence in violation of 18 U.S.C. § 1702[2] and was sentenced to two years imprisonment. This appeal followed.

■ Ashby first argues that the district court erred in refusing to give his proffered instruction that "A person cannot obstruct correspondence merely by accepting mail from a person who has already taken it from the mail stream." Ashby contends that he based this instruction on the holding in *United States v. Murry*, 588 F.2d 641 (8th Cir.1978), which, he argues, controls in his case and requires a reversal of his conviction.

In *Murry*, defendant Dixon was convicted of obstructing correspondence in violation of 18 U.S.C. § 1702 and his codefendant, Murry, was convicted of aiding and abetting the obstruction of correspondence. The evidence showed that on January 27, 1978, Dixon took a letter containing a check from a counter located in a post office lobby. On February 1, 1978, Dixon and Murry jointly attempted to sell the check to an undercover law enforcement officer. There was no evidence to suggest that Murry assisted Dixon in the actual removal of the check from the post office. *Id.* at 643. We affirmed Dixon's conviction, but reversed Murry's conviction for aiding and abetting the obstruction of correspondence. *Id.* at 645. In so doing, we recognized that the key to a section 1702 violation is the *taking* of correspondence with unlawful intent, and that a person

---

1. The Honorable William R. Overton, United States District Judge for the Eastern District of Arkansas.

2. Section 1702 provides:
    Whoever takes any letter, postal card, or package out of any post office or any authorized depository for mail matter, or from any letter or mail carrier, or which has been in any post office or authorized depository, or in the custody of any letter or mail carrier, before it has been delivered to the person to whom it was directed, with design to obstruct the correspondence, or to pry into the business or secrets of another, or opens, secretes, embezzles, or destroys the same, shall be fined not more than $2,000 or imprisoned not more than five years, or both.

who received stolen mail but who did not participate in the theft cannot violate section 1702. *Id.* at 646. Because no evidence linked Murry to Dixon's theft of the check, we reversed Murry's conviction. A person, we said, cannot aid or abet a crime which has already been completed. *Id.* at 646 n. 7.

The *Murry* decision, however, is factually distinguishable. While there was no evidence to suggest that Murry aided and abetted Dixon's theft of the check, there is considerable evidence here to suggest that Ashby aided and abetted Lewis in the theft of mail. "In order to establish aiding and abetting the Government must show that there existed on the part of the defendant 'some affirmative participation which at least encourage[d] the perpetrator' in the commission of the offense charged." *Id.* at 645 n. 5 (citations omitted). Ashby showed the sack of mail to Lewis and accompanied Lewis to the apartment where they opened mail and divided currency stolen from that mail. Ashby did not merely "accept mail from a person who ha[d] already taken it from the mail stream," but participated with Lewis in the taking of the mail. Accordingly, the district court correctly refused Ashby's proffered instruction because the evidence did not support it.

■ Ashby next argues that the district court erred in refusing to give a lesser included offense instruction on 18 U.S.C. § 1701. Section 1701 provides: "Whoever knowingly and willfully obstructs or retards the passage of the mail, or any carrier or conveyance carrying the mail, shall be fined not more than $100 or imprisoned not more than six months, or both." Ashby's proffered instruction would have afforded the jury an opportunity to find him guilty of a section 1701 violation, a misdemeanor, and acquit him of the section 1702 charge contained in the indictment, a felony.

■ A defendant is entitled to a lesser included offense instruction if:

(1) a proper request is made;

(2) the elements of the lesser offense are identical to part of the elements of the greater offense;

(3) there is some evidence which would justify conviction of the lesser offense;

(4) the proof on the element or elements differentiating the two crimes is sufficiently in dispute so that the jury may consistently find the defendant innocent of the greater and guilty of the lesser included offense; and (5) there is mutuality, i.e., a charge may be demanded by either the prosecution or defense.

*United States v. Elk*, 658 F.2d 644, 648 (8th Cir.1981); *United States v. King*, 616 F.2d 1034, 1042 (8th Cir.), *cert. denied*, 446 U.S. 969, 100 S.Ct. 2950, 64 L.Ed.2d 829 (1980); *United States v. Brown*, 551 F.2d 236, 239 (8th Cir.1977). In the present case the parties dispute whether the fourth requirement has been satisfied. The purpose of the fourth requirement is to prevent juries from capriciously convicting a defendant on a lesser included offense when the evidence requires either conviction on the greater offense or acquittal. *See Sansone v. United States*, 380 U.S. 343, 349–50, 85 S.Ct. 1004, 1009–10, 13 L.Ed.2d 882 (1965); *Brown*, 551 F.2d at 239 n. 4.

We considered this issue in the context of these same statutes in *Brown*. First, we observed that section 1702 requires a showing that mail matter was taken, while section 1701 only requires a general obstruction of the passage or transmission of the mail. *Id.* at 239. Because Brown admitted taking packages from the mail, we held that there was no dispute on this first element. *Id.* Similarly, we reject Ashby's assertions that there is a factual dispute on this issue here: There is no question that Lewis took correspondence, and it is equally clear that Ashby assisted Lewis in the taking.

The second element differentiating section 1701 from section 1702, we observed in *Brown*, is the type of specific intent required. *Id.* Under section 1701, the defendant must knowingly and willfully obstruct the mails, while under 1702, the de-

fendant must take the mail (or aid and abet a taking) with the intent to obstruct correspondence, or to pry into the business or secrets of another, or to open, secrete, embezzle or destroy correspondence. Thus, we stated, "[u]nder appropriate factual circumstances, a jury might find that a defendant wilfully obstructed the mails without design to open, embezzle or secrete the same." *Id.* at 239–40. This case does not present the appropriate circumstances. Ashby admitted in his statement to the inspector that he actually opened mail with Lewis and took money from that mail, which would leave no room for a finding that he only intended to obstruct the mail. The jury could not have consistently found that Ashby was innocent of a section 1702 violation but guilty of a section 1701 violation. The district court correctly refused the instruction on section 1701.

Finally, Ashby argues that the district court erred in finding that the confession he made to the postal inspector was voluntary and that he was not in custody at that time. In reviewing the voluntariness of a confession, this court will not disturb factual findings made by a district court at a suppression hearing unless those findings are clearly erroneous. *United States v. Valle*, 644 F.2d 374, 375 (8th Cir.1981). The district court's finding that Ashby voluntarily made a statement after being read his *Miranda* rights and after signing a waiver form is amply supported by the record. The postal inspector who interviewed Ashby repeatedly stated that he would not have questioned Ashby before reading him his *Miranda* rights and getting him to sign a waiver form, and the inspector insisted that Ashby freely made his statement within minutes of signing the waiver. Additionally, at the suppression hearing Ashby admitted that he went voluntarily with the inspector to the office and that the inspector did not coerce him into making a false statement.

Accordingly, we affirm Ashby's conviction.