Richard R. BARNES, Appellant,

v.

UNITED STATES of America, Appellee.

No. 85–1331.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 14, 1985.

Decided Nov. 21, 1985.

Norman London, St. Louis, Mo., for appellant.

James G. Martin, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before LAY, Chief Judge, and HEANEY and FAGG, Circuit Judges.

HEANEY, Circuit Judge.

Richard R. Barnes appeals from his jury conviction of one count of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). For reversal, Barnes challenges the sufficiency of the evidence and claims the trial court erred in its instructions to the jury. For the reasons set forth below, we affirm.

## I. BACKGROUND.

On Saturday, July 21, 1984, Richard Barnes went to the St. Louis Federal Express Office to pick up a package. Alarmed by its suspicious appearance, the Federal Express agent decided to open the package before giving it to Barnes. Inside, the agent found an orange cloth napkin wrapped around a plastic bag containing white powder. The agent alerted the police, allowed them time to set up surveillance, and then handed the repacked package to Barnes.

Barnes drove out of the parking lot and ran a stop sign. Two police officers who were following tried to pull Barnes over. A high speed chase ensued, during which Barnes opened his car door and dropped out of the car the plastic bag containing the white powder. The package was retrieved, and Barnes was apprehended. The parties stipulated that the white powder was 266.3 grams of sixty-nine percent pure cocaine.

## II. DISCUSSION.

■ Barnes argues that the evidence was insufficient to establish the requisite

intent to distribute. Viewing the evidence in the light most favorable to the verdict, *United States v. Jackson,* 696 F.2d 578, 582 (8th Cir.1982), we find that the jury could reasonably infer from the amount and value of the cocaine that Barnes intended to distribute it. *See, e.g., United States v. Koua Thao,* 712 F.2d 369, 371 (8th Cir.1983). The cocaine weighed over 266 grams, and it was worth over $50,000. Barnes argues that possessing 266 grams of cocaine is not inconsistent with possessing cocaine for personal consumption. Nonetheless, the question whether Barnes intended to use all the cocaine himself or whether he intended to distribute it was one for the jury, and we cannot say that its conclusion was unreasonable.

Barnes next contends that the trial court erred by instructing the jury that "flight" after the crime could be considered as evidence of guilt. Instruction 8 reads as follows:

> Conduct of the defendant, including acts knowingly done upon being informed that a crime has been committed or upon being confronted with a criminal charge may be considered by the jury in light of other evidence in the case in determining guilt or innocence.

We need not assess the appropriateness of the challenged instruction. If error at all, the giving of Instruction 8 could not be more than harmless error due to the overwhelming evidence against Barnes, and does not require reversal. *United States v. White,* 488 F.2d 660 (8th Cir.1973).

Finally, Barnes argues that Instruction 18 was erroneous because it did not reveal the government's burden of establishing that the defendant *knew* he possessed a controlled substance. Instruction 18 reads as follows:

> The Government is not required to show that the defendant knew that the substance involved was cocaine. It is sufficient if the evidence established beyond a reasonable doubt that the defendant possessed a controlled substance with intent to distribute it.

Barnes did not object to this instruction at trial. Therefore, we may only reverse if we find plain error affecting substantial rights of the defendant. *United States v. Gambina,* 564 F.2d 22, 24 (8th Cir.1977). Finding no such error, we affirm.