UNITED STATES of America, Appellee,

v.

**Thomas E. SHORT, Appellant.**

UNITED STATES of America, Appellee,

v.

**Curtis DRUMMOND, Appellant.**

**Nos. 86–1404, 86–1405.**

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 11, 1986.

Decided Nov. 17, 1986.

## 336

Darrell E. Baker, Jr., Fayetteville, Ark., for appellant.

Larry McCord, Asst. U.S. Atty., Fort Smith, Ark., for appellee.

Before FAGG, Circuit Judge, HENLEY, Senior Circuit Judge, and MAGILL, Circuit Judge.

FAGG, Circuit Judge.

Curtis Drummond and Thomas E. Short were convicted of manufacturing marijuana and possession of marijuana with intent to distribute. *See* 21 U.S.C. § 841(a)(1). The manufacturing charge, for which a concurrent sentence was imposed, is not a subject of this appeal. We affirm.

After surveillance by federal officers of apparent cultivation activities, Short and Drummond were arrested near a field containing 279 mature marijuana plants. The plants would have yielded approximately 279 pounds of marijuana having an approximate street value of $279,000. There was no direct or physical evidence of actual or contemplated distribution. At trial the jury was instructed it was permitted, but not required, to infer the intent to distribute from the quantity and value of marijuana possessed by the defendants. *See*

Barnes v. United States, 777 F.2d 430, 431 (8th Cir.1985); *United States v. Brischetto*, 538 F.2d 208, 210 (8th Cir.1976); *United States v. Blake*, 484 F.2d 50, 58 (8th Cir. 1973), *cert. denied*, 417 U.S. 949, 94 S.Ct. 3076, 41 L.Ed.2d 669 (1974).

The only issue on appeal is whether the district court committed reversible error in refusing to instruct the jury on the lesser included offense of simple possession of marijuana. *See* 21 U.S.C. § 844. The defendants argue the failure to instruct on the lesser included offense was a violation of due process because it amounted to a determination as a matter of law of the intent element of the greater offense. We do not agree.

Simple possession is a lesser included offense of possession with intent to distribute. The fact one offense is a lesser included offense of another, however, does not necessarily require an instruction on the lesser offense. The availability of the instruction depends on the evidence presented in each case, and defendants are entitled to the lesser included instruction only if:

(1) a proper request is made;

(2) the elements of the lesser offense are identical to part of the elements of the greater offense;

(3) there is some evidence which would justify conviction of a lesser offense;

(4) the proof on the element or elements differentiating the two crimes is sufficiently in dispute so that the jury may consistently find the defendant innocent of the greater and guilty of the lesser included offense; and

(5) there is mutuality, i.e., a charge may be demanded by either the prosecution or defense.

*United States v. Ashby*, 771 F.2d 392, 394 (8th Cir.1985) (citations omitted); *see also Keeble v. United States*, 412 U.S. 205, 208, 93 S.Ct. 1993, 1995–96, 36 L.Ed.2d 844 (1973); *Sansone v. United States*, 380 U.S. 343, 349, 85 S.Ct. 1004, 1009, 13 L.Ed.2d 882 (1965).

Although requirement (3) is necessarily implicated, the primary dispute in this case centers on requirement (4), which is designed to prevent the jury from "capriciously convicting a defendant on a lesser included offense when the evidence requires either conviction on the greater offense or acquittal." *Ashby*, 771 F.2d at 394. The single element differentiating the two crimes involved here is the intent to distribute. If that intent is not in dispute to the degree the jury could rationally convict Short and Drummond of simple possession and acquit them of possession with intent to distribute, the defendants are not entitled to the instruction. We agree with the district court that the state of the evidence in this case generates no dispute over the defendants' intent to distribute sufficient to require instruction on the lesser offense.

Defendants base their argument for reversal on our holding in *United States v. Brischetto*, 538 F.2d 208, 210 (8th Cir.1976), in which we found reversible error when the district court refused to give a lesser included instruction on charges identical to those in this case. *Brischetto* is distinguishable, however, because the evidence in that case was contradictory on the intent to distribute element, *see id.*, and the court was satisfied that not only was there "substantial evidence to support a conviction on either charge" but "the evidence in support of the simple possession charge [was] stronger." *Id.* at 209–10.

Drummond and Short, as they are legally permitted to do, neither testified themselves nor offered any other witnesses or evidence. The district court record is devoid of any evidence to support the defendants' contention on appeal that the marijuana was intended solely for personal consumption. Neither did the defendants challenge any aspect of the government's case on the greater offense or rebut in any way the strong presumption of intent to distribute legally available to the government under these circumstances. *See, e.g., United States v. Rogers*, 504 F.2d 1079, 1084 (5th Cir.1974), *cert. denied*, 422 U.S. 1042, 95 S.Ct. 2655, 45 L.Ed.2d 693 (1975) (instruction not proper absent some evidence to counter strong inference of intent to distribute).

The district court's refusal to give the instruction did not determine as a matter of law an element of the government's case. The jury remained free to believe or not that Drummond and Short intended to distribute the marijuana, and the jury was properly instructed on the solely permissive nature of the inference. Under these circumstances, we find the district court properly refused to instruct the jury on the lesser included offense.

The judgment of the district court is affirmed.