Richard BARNES, Appellant,

v.

UNITED STATES of America, Appellee.

No. 87–2168.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 20, 1988.

Decided Oct. 20, 1988.

Nancy Emmet Horgan, Seattle, Wash., for appellant.

James Martin, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and ARNOLD, Circuit Judge.

ARNOLD, Circuit Judge.

Richard Barnes brings this action under 28 U.S.C. § 2255 to vacate his 1985 conviction for possession of cocaine with intent to distribute. Barnes claims that the counsel he retained at trial provided ineffective assistance, rendering his conviction invalid under the Sixth Amendment. The District Court[1] denied relief, and we affirm.

The evidence at trial showed that on July 21, 1984, Barnes went to the Federal Express office in St. Louis to pick up a package. Barnes told the service agent that he did not know anything about the package, but that it was nonetheless very important that he get it. Alarmed by Barnes's nervous behavior, the office manager joined the search for the misplaced package, and finally found it two hours later. Suspicious of the soft, overstuffed appearance of the package, the office manager decided to open the package before giving it to Barnes. After finding inside the package a plastic bag containing white powder, the

---

1. The Hon. Clyde S. Cahill, United States District Judge for the Eastern District of Missouri.

manager called the police. Once the police had set up surveillance, the manager handed the repackaged parcel to Barnes. Barnes drove out of the parking lot, ran a stop sign, and then fled at high speed from the police who tried to pull him over. During this chase, Barnes dropped the plastic bag out of the car, and one of the pursuing police vehicles stopped to retrieve it. The bag turned out to contain 266 grams of 69% pure cocaine. Barnes was finally caught by the pursuing police and was arrested for possession of cocaine with intent to distribute. The jury convicted Barnes on this evidence, and this Court affirmed Barnes's conviction. *Barnes v. United States,* 777 F.2d 430 (8th Cir.1985).

Barnes now brings this collateral attack on his conviction, arguing that the lawyer he retained at trial was unprepared to present the case for the defense. Barnes's case depended on corroborating his bizarre explanation for the events of July 21st. According to Barnes's testimony, he was the victim of a frame-up by the arresting police officer, who allegedly bore a personal grudge against Barnes over a woman named Leslie. According to Barnes, a former Federal Express employee named Bill Lee would have testified that the office manager failed to follow company procedures in opening Barnes's package. Barnes argues that his trial counsel failed to investigate and call defense witnesses, like Bill Lee and Leslie, failed to prepare for cross-examination, and failed to object to an erroneous jury instruction.

In order for Barnes to obtain relief on his ineffective-assistance claim, he must show both that his lawyer's performance was deficient and that this deficient performance was "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The District Court held that "defendant's counsel was ready to try all the charges with the level of effectiveness expected of competent counsel," *Barnes v. United States,* No. 87–224–C(4) (E.D.Mo.1987), slip op. at 4, and we accord great deference to the observations of the judge who tried the case. The District Court's assessment seems particularly accurate with respect to counsel's decision not to call Bill Lee as a witness. The prosecution informed counsel in chambers that Bill Lee had been terminated from his job at Federal Express effective two days before the events of July 21st, and that his testimony for the defense would constitute perjury. Under the circumstances, defense counsel's decision to accept the representations of the prosecution by refraining from calling Lee appears to have been entirely prudent.

Even assuming that counsel's performance in other aspects may have been deficient, we do not see any substantial likelihood that a fully prepared defense could have won a different verdict. Given what our Court called on direct review "the overwhelming evidence against Barnes," 777 F.2d at 431, it could not have made any difference if the defense had presented more character witnesses, or evidence that Barnes fled from the police at 60 to 70 miles per hour instead of 100 miles per hour. Nor would a more thorough preparation of Barnes as a witness, or a more incisive approach to cross-examination of prosecution witnesses have made a difference. Direct- and cross-examination techniques are matters of trial strategy left to the discretion of counsel; furthermore, Barnes's argument implicitly concedes that his testimony as presented was not credible, while the prosecution witnesses presented an essentially unbeatable case for conviction. We do not believe that it is reasonably likely that the evidence Barnes now says should have been presented would have made a difference.

Section 2255 directs the federal courts to grant an evidentiary hearing on a motion for collateral relief "... [u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief...." We conclude that an evidentiary hearing was not required under these circumstances. Barnes's trial record does not suggest any errors of counsel which deprived him of a fair trial, nor does Barnes indicate the existence of any evi-

dence outside the record which would make out a case for relief.

AFFIRMED.