PHIL CROWLEY STEEL CORPORA-
TION, a corporation, Appellee,

v.

MACOMBER, INCORPORATED, an Ohio
Corporation, Appellant.

No. 78–1632.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 13, 1979.

Decided June 19, 1979.

William G. Ohlhausen of Lewis, Rice,
Tucker, Allen & Chubb, St. Louis, Mo., ar-
gued, John J. Moellering, St. Louis, Mo., on
brief, for appellant.

Stefan J. Glynias of Brackman, Copeland,
Oetting, Copeland, Walther & Schmidt,
Clayton, Mo., argued, David P. Oetting,
Clayton, Mo., on brief, for appellee.

Before HEANEY and McMILLIAN, Circuit Judges, and SCHATZ,* District Judge.

SCHATZ, District Judge.

This is an appeal from a judgment entered on a jury verdict awarding damages for breach of contract. The issue presented is whether the district court erred in overruling the defendant's motion to strike from the record the testimony of an accountant regarding plaintiff's measure of damages. Finding no abuse of discretion in the district court's action, and no prejudice to the defendant, we affirm.

Plaintiff-appellee, Phil Crowley Steel Corporation (Crowley), entered into two separate contracts with the defendant-appellant, Macomber Incorporated, under which Macomber was to supply fabricated steel products to Crowley for use in certain construction projects. Macomber did not deliver and Crowley was forced to find replacement goods. Crowley bought some of the replacement goods from third parties and manufactured the remainder in its own fabricating plant. Thereafter Crowley brought this action against Macomber to recover damages for non-delivery.

Crowley calculated its damages to be the cover price of the goods purchased from third parties, plus its lost profits on the goods it manufactured itself, less its contract price with Macomber. Crowley's costs for the goods purchased from third parties, and its raw material costs for the self-manufactured goods, were capable of direct computation and were not seriously controverted at trial. However, the labor and other variable costs of manufacture were the subject of varying interpretations. Crowley evolved several theories for estimating this figure accurately, the last of which gives rise to this appeal.

In its original complaint, filed March 31, 1977, Crowley alleged damages for the two contracts in a total amount of $263,880.87. In February of 1978, Crowley filed its answers to Macomber's first set of interroga-

tories. By its answer to one of the questions, Crowley asserted that the damage calculation reflected in its complaint was inaccurate and that its total damages amounted to $295,063.65. This latter figure was arrived at by Crowley's assistant treasurer, Roger Pochon. Pochon's formula for estimating labor costs attributable to the two disputed contracts involved computing the percentage of Crowley's total labor costs equivalent to that percentage of Crowley's total billings represented by the same two contracts. Pochon's deposition was taken by Macomber and the case proceeded toward a trial date of July 24, 1978.

Thereafter, approximately one week before trial, Crowley revised its damage estimate again, this time based upon a formula supplied by Crowley's accountant, Lloyd Barnwell. A letter advising Macomber of this revision was mailed by Crowley's counsel on July 18, 1978, and was received by defense counsel July 20. No motion for a continuance was made and the trial commenced as scheduled on the 24th. On July 25, the second day of trial, Crowley filed with the Clerk's office a document entitled "Plaintiff's Amended Answer to Question No. 3 of Defendant's First Set of Interrogatories." This document, employing Barnwell's formula, contained Crowley's revised damage calculation, which now stood at $254,191.53, or approximately $40,000 less than the earlier answer to Macomber's interrogatory.

Lloyd Barnwell was called as a witness for plaintiff Crowley on the afternoon of July 25. Following cross-examination, Macomber moved to strike Barnwell's testimony. As grounds for the motion, Macomber's counsel asserted unfair surprise in that Barnwell's method of computing damages was "radically different" from the earlier formula used by Roger Pochon. Macomber's own expert, it was claimed, had prepared his testimony based on the Pochon formula. In addition, Macomber's counsel claimed that use of the revised damage

---

* The Honorable Albert G. Schatz, United States District Judge for the District of Nebraska, sitting by designation.

formula contravened the pretrial order, which required that discovery be completed ten days before trial. Responding to questions from the trial judge, Macomber's counsel acknowledged that Barnwell's calculations were based on documents which had been previously supplied to Macomber, and that Macomber had received Crowley's letter explaining the new calculation no later than July 20. With the understanding that Macomber's expert would be prepared to testify the following day, the motion to strike was overruled.

On appeal, Macomber asserts that denial of its motion to strike was prejudicial error warranting a new trial. We disagree.

■ Fed.R.Civ.P. 26(e) sets out the circumstances under which a party is required to supplement or amend answers previously given in response to the other party's discovery requests.[1] Determining the existence of this duty and imposing sanctions for its breach are matters properly committed to the sound discretion of the trial judge. On review this court is guided by the rule that:

> [a] district court has very wide discretion in handling discovery and we are most unlikely to fault its judgment unless, in the totality of the circumstances, its rulings are seen to be a gross abuse of discretion resulting in fundamental un-

fairness in the trial of the case. *Voegeli v. Lewis*, 568 F.2d 89, 96 (8th Cir. 1977).

■ In the instant case, Macomber claims that the method by which Crowley calculated its damages was a matter of such grave concern to both parties that the substitution of the Barnwell for the Pochon formula was subject to the supplemental disclosure requirements of Rule 26. For purposes of this appeal, we will assume that proposition to be sound.[2] From there, Macomber insists that Crowley breached its duty to make a timely disclosure because the trial court had ordered that discovery be completed ten days before trial, whereas Crowley did not inform Macomber of the change in its calculation until approximately five days before trial. Again, we will assume that the district court might validly have treated Crowley's conduct as a breach of the discovery rules.[3] These assumptions, however, do not end the inquiry. The heart of the issue before this court is whether the striking of Barnwell's testimony was so clearly required to prevent undue prejudice to Macomber that the district court's refusal to do such amounted to an abuse of discretion. We conclude that it was not.

On the record presented to this court it is apparent, as it was to the district court, that the documents upon which Crowley's damages were calculated were made available to Macomber well in advance of trial.

---

1. Rule 26(e) reads in pertinent part as follows:
   (e) Supplementation of responses. A party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement his response to include information thereafter acquired, except as follows:
         *    *    *    *    *    *
   (2) A party is under a duty seasonably to amend a prior response if he obtains information upon the basis of which (A) he knows that the response was incorrect when made, or (B) he knows that the response though correct when made is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment.

2. In *Havenfield Corp. v. H & R Block, Inc.*, 509 F.2d 1263 (8th Cir.), *cert. denied*, 421 U.S. 999, 95 S.Ct. 2395, 44 L.Ed.2d 665 (1975), this court stated the general rule that "[i]t is the new facts that the rule seeks to bring out in the

open, not new contentions which may be based upon allegedly new facts." *Id.*, 509 F.2d at 1272. Where, however, a doctor called as an expert witness had changed his opinion subsequent to the giving of his deposition, such change having been based on his reading of recent medical journals and not on his discovery of new medical facts pertinent to the case at hand, we held that Rule 26(e) required the change of heart to be disclosed to the other side. *Voegeli v. Lewis, supra*, 568 F.2d at 96.

3. In *Havenfield v. H & R Block, Inc.*, 509 F.2d 1263 (8th Cir.), *cert. denied*, 421 U.S. 999, 95 S.Ct. 2395, 44 L.Ed.2d 665 (1975), this court held that it was not an abuse of discretion for the district court to disallow as untimely a party's attempt to supplement previous answers to interrogatories after the time for completion of discovery had passed in accordance with the local rules of court. *Id.*, 509 F.2d at 1272.

Macomber was apprised that Crowley had revised its formula for computing those damages no later than July 20, four days before trial. Macomber was also informed that the source of this revision was Lloyd Barnwell. No continuance was sought. No effort was made by Macomber to discover the basis of Barnwell's theory nor was there any move to prevent him from testifying. It was not until after Barnwell had testified and been cross-examined that Macomber sought to exclude the evidence by means of a motion to strike. At the hearing on said motion, Macomber's counsel gave the trial judge no indication that Macomber's own expert would not be able to deal with Barnwell's testimony, or that he needed more than a day to prepare himself to do so. No such suggestion is now made to this court. It is simply urged by Macomber, and conceded by Crowley, that Roger Pochon's original cost formula was erroneously conceived, the result of which was an inflated view of Crowley's damages. During oral argument in this court, Macomber's counsel candidly acknowledged that he preferred Pochon's higher damage estimate to Barnwell's lower one because Macomber's expert could cast greater doubt on the former than he could on the latter.

Under all the circumstances of this case, we conclude that no showing has been made that there was any abuse of discretion by the trial judge or any showing that Macomber suffered any prejudice from the denial of its motion to strike. Accordingly, the judgment of the district court is affirmed.