**UNITED STATES of America, Appellee,**

v.

**Scott GALYEN, Appellant.**

No. 85–5340.

United States Court of Appeals,
Eighth Circuit.

Submitted May 12, 1986.
Decided Aug. 13, 1986.

Ralph A. Vinje, Bismarck, N.D., for appellant.

Jerome C. Kettleson, Bismarck, N.D., for appellee.

Before ARNOLD, FAGG and WOLLMAN, Circuit Judges.

WOLLMAN, Circuit Judge.

Scott Galyen was convicted by jury of three counts of obtaining a controlled substance by misrepresentation or fraud, *see* 21 U.S.C. § 843(a)(3) (1982), and of one count of possessing with an intent to distribute a controlled substance. *See id.* § 841(a)(1). On appeal he alleges error in the admission of certain evidence and in the district court's[1] failure to grant his motion for acquittal. We affirm.

The controlled substance involved in this case is dilaudid, a painkiller. Galyen had had one leg amputated as a result of a hunting accident and part of the other leg amputated as a result of a motor vehicle accident; and in seeking continued treatment for his condition, he obtained prescriptions for dilaudid from Dr. Gerd Ebel on, among other occasions, January 9, March 9, and April 2, all in 1984. Dr. Ebel testified that he would not have issued these prescriptions had he known that Galyen was also receiving prescriptions for dilaudid from other doctors. Documentary evidence showed that between April 23, 1982, and June 15, 1984, a period of 784 days, Galyen had obtained 413 prescriptions for a total of 11,277 dilaudid tablets, or an average of more than fourteen tablets per day.

Galyen objects first to the admission of this series of prescriptions to the degree that they extend approximately eighteen months prior to the occurrence of the events on which the indictment was based. Second, Galyen objects to the testimony of a state undercover drug enforcement agent regarding a marijuana transaction he attempted to negotiate with Galyen in October 1982. The agent specifically testified that Galyen asked him if he was interested in purchasing dilaudid, that Galyen crushed a dilaudid tablet and injected it into the stump of his leg with a syringe, and that Galyen when he left their meeting carried a gun. Third, Galyen objects to the testimony of a convenience store clerk that Galyen asked her to go for a ride with him even though she was married and that Galyen made references to her about "getting high."

These evidentiary challenges all are based on Rule 404(b) of the Federal Rules of Evidence, which deals with proof of acts or crimes other than the crimes charged. Evidence of such other acts is admissible when it is relevant to an issue in question other than the character of the defendant, there is clear and convincing evidence that the defendant committed the prior acts, and the potential unfair prejudice does not substantially outweigh the probative value of the evidence. *Williams v. Mensey*, 785 F.2d 631, 638 (8th Cir.1986) (quoting *United States v. Gilmore*, 730 F.2d 550, 554 (8th Cir.1984)); *United States v. McDaniel*, 773 F.2d 242, 247 (8th Cir.1985). This circuit views Rule 404(b) as a rule generally of inclusion, and a trial court's broad discretion in admitting wrongful act evidence will not be disturbed unless the defendant can show that the proof in question "clearly had no bearing upon any of the issues involved." *United States v. Estabrook*, 774 F.2d 284, 287 (8th Cir.1985). Furthermore, because Galyen's objection to the store clerk's testimony was not renewed at trial, we review the admission of that evidence under the plain error standard. *See United States v. Ferguson*, 776 F.2d 217, 224 (8th Cir.1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 1207, 89 L.Ed.2d 320 (1986).

▮ The items of proof challenged by Galyen all suggest that he was involved in drug dealing, an activity which is directly relevant to the intent to distribute count and also suggests a motive for using misrepresentations to obtain controlled substances as alleged in the other counts. The testimony of the store clerk indicates that Galyen was basically functioning normally, which would be inconsistent with the drowsiness or mental clouding that might have been expected had Galyen ingested the quantity of dilaudid which the prescriptions

1. The Honorable Bruce M. Van Sickle, Senior United States District Judge for the District of North Dakota.

show he purchased. In addition, Galyen's purchase of this volume of prescriptions, with no apparent financial difficulties, is inconsistent with his lack of visible income. The manner in which Galyen ingested the dilaudid (which is meant to be taken orally), again with the number of tablets he obtained, *see Barnes v. United States,* 777 F.2d 430, 431 (8th Cir.1985), suggests that he was not using the dilaudid for medicinal purposes. Finally, evidence of weapons and of prior offers to sell drugs is relevant to intent to distribute. *United States v. LaGuardia,* 774 F.2d 317, 320 (8th Cir. 1985); *United States v. McDaniel,* 773 F.2d 242, 247 & n. 4 (8th Cir.1985); *United States v. Jones,* 676 F.2d 327, 332 (8th Cir.), *cert. denied,* 459 U.S. 832, 103 S.Ct. 71, 74 L.Ed.2d 71 (1982). We find no abuse of discretion in the district court's admission of the challenged evidence.

Galyen also argues that the court erred in denying his motion for acquittal because the evidence was insufficient to support a finding of guilt on any of the charges. In reviewing this allegation we must take the evidence in the light most favorable to the jury's verdict and draw all reasonable inferences in support thereof. *United States v. Robinson,* 782 F.2d 128, 129 (8th Cir.1986). Applying this standard to the evidence found admissible above as relevant to intent to distribute, we clearly must uphold the conviction on that charge. In addition, we conclude that the evidence of Galyen's conduct, such as driving extra miles to get prescriptions filled at pharmacies in different towns, was adequate to support an inference that Galyen intended to deceive Dr. Ebel into prescribing more dilaudid either by failing to mention or by affirmatively denying that he was receiving similar prescriptions from other doctors. To the degree Galyen also challenges the lack of a "specific intent" instruction on the misrepresentation issue, we reject that argument. *See United States v. Dougherty,* 763 F.2d 970, 973–74 (8th Cir. 1985).

We appreciate the efforts of court-appointed counsel on Galyen's behalf.

The conviction is affirmed on all counts.