Burton S. DAVIS, III, Appellant,

v.

AMERICAN JET LEASING, INC.; St. Louis Flight Systems, Inc.; John Stone; and David A. Stone, Appellees.

No. 87–1547.

United States Court of Appeals, Eighth Circuit.

Submitted April 12, 1988.

Decided Dec. 28, 1988.

---

Irvin M. Roitman, Clayton, Mo., for appellant.

Bryan Hettenbach, St. Louis, Mo., for appellees.

Before McMILLIAN and BOWMAN, Circuit Judges, and HARRIS,* Senior District Judge.

McMILLIAN, Circuit Judge.

Burton S. Davis III appeals from a final judgment entered in the District Court[1] for the Eastern District of Missouri upon a jury verdict in favor of defendants American Jet Leasing, Inc., St. Louis Flight Systems, Inc., John Stone, and David A. Stone, upon his claim for damages for breach of an aircraft lease. For reversal plaintiff argues the district court erred in (1) denying his motions for continuance and mistrial following defendants' untimely production of certain discovery materials and (2) permitting a defense witness to testify as an expert. For the reasons discussed below, we affirm.

On July 23, 1981, plaintiff leased a Gates Learjet 24 to defendant American Jet Leasing. Under the terms of the lease, defendants were required to maintain and repair the aircraft in an airworthy condition in accordance with applicable federal regulations. Plaintiff terminated the lease on October 31, 1981, repossessed the aircraft, and arranged for it to be flown from St. Louis to North Carolina. Plaintiff then brought this lawsuit for damages alleging that defendants had breached the lease by failing to maintain and repair the aircraft. Defendants argued that they properly maintained and repaired the aircraft, that it was in an airworthy condition at the time of repossession, and that any deterioration was due to circumstances that occurred after repossession. The jury found in favor of defendants. This appeal followed.

UNTIMELY PRODUCTION OF DOCUMENTS

■ During the afternoon of the first day of the four-day trial, defense counsel presented certain documents to counsel for plaintiff. These documents were work orders (Plaintiff's Exhibits 31–34) for maintenance and repair problems on the aircraft during the period of the lease. It is not disputed that these documents should have been produced by defendants during discovery and that production of the documents during trial was untimely. Defense counsel made copies of the work orders and gave the copies to counsel for plaintiff the next morning.

During the morning of the second day of trial, counsel for plaintiff filed a motion for mistrial or other relief on the ground that defendants' failure to timely produce these documents had prejudiced his ability to effectively prepare for trial. The district court allowed counsel for plaintiff a brief recess to examine the work orders and to consult with one of plaintiff's witnesses. The district court denied the motions for continuance or mistrial but noted that, after the trial was over, he would carefully examine the work orders and compare

---

* The Honorable Oren Harris, United States Senior District Judge for the Eastern and Western Districts of Arkansas.

1. The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

them with the other exhibits and, if necessary, would order a new trial and impose sanctions. Plaintiff's motion for a new trial on the ground of defendants' failure to comply with discovery orders was later denied.

Plaintiff argues the district court erred in denying his motions for continuance or mistrial. Plaintiff argues that defendants' untimely production of the work orders prejudiced his ability to effectively prepare for trial. Plaintiff argues that the work orders were critical evidence of defendants' alleged failure to maintain and repair the aircraft as required under the lease. Although defendants concede that the production of the work orders was untimely, they argue that the documents were simply overlooked and not concealed in bad faith. Defendants also argue that plaintiff was not prejudiced by the untimely production because most of the information contained in the work orders had already been disclosed to plaintiff in the flight manifests (Defendants' Exhibit F). Flight manifests are forms prepared by the pilot or captain of each flight noting, among other things, flight location, flight time, technical data about the aircraft engine, as well as any maintenance problems involving the aircraft. Thus, defendants argue the work orders were merely cumulative evidence of various maintenance and repair problems, which, they argue, were in fact repaired or corrected as noted.

Defendants' failure to timely produce the work orders is not to be condoned; such a failure to comply with discovery could have justified the imposition of sanctions. However, "[o]ur scope of review regarding discovery matters is very narrow. We have stated that we are unlikely to fault the district court's judgment on discovery matters absent a 'gross abuse of discretion resulting in fundamental unfairness in the trial of the case.'" *Prow v. Medtronic, Inc.*, 770 F.2d 117, 122 (8th Cir.1985), *citing Phil Crowley Steel Corp. v. Macomber, Inc.*, 601 F.2d 342, 344 (8th Cir.1979). Similarly, the imposition of discovery sanctions, *e.g., Hazen v. Pasley*, 768 F.2d 226, 229 (8th Cir.1985), as well as the grant or denial of motions for a continuance, *e.g.,*

*United States v. Little*, 567 F.2d 346, 348–49 (8th Cir.1977) (criminal case), *cert. denied*, 435 U.S. 969, 98 S.Ct. 1608, 56 L.Ed. 2d 60 (1978), or for a mistrial, *e.g., United States v. Pierce*, 792 F.2d 740, 742 (8th Cir.1986) (criminal case), are also matters committed to the sound discretion of the district court.

We find no abuse of discretion here. We have compared the work orders with the flight manifests. With the exception of several items in Plaintiff's Exhibit 31, the flight manifests contain the same information about maintenance and repair problems as the work orders. Those items in Plaintiff's Exhibit 31 that do not also appear in the flight manifests were all checked and, if in need of repair, were serviced or replaced by defendants' mechanics. Moreover, the work order is evidence that defendants did in fact perform maintenance and repair work on the aircraft and thus cannot be considered critical or controlling evidence for purposes of plaintiff's theory of liability. *Cf. Eaton Corp. v. Appliance Valves Corp.*, 790 F.2d 874, 878 (Fed.Cir.1986) (destruction of copies of documents; originals had been produced in discovery; documents not critical or controlling on issue of liability).

## ADMISSION OF EXPERT TESTIMONY

■ Plaintiff also argues the district court erred in permitting defense witness Reynolds Johonsson to testify as an expert on the subject of defendants' aircraft maintenance program. Plaintiff argues the witness was not qualified to testify as an expert because he had no personal knowledge of the condition of the aircraft in 1981 and he was not licensed to maintain this type of aircraft by the Federal Aviation Administration (FAA). Defendants argue that the witness was qualified to testify as an expert. We agree.

"A witness may testify as an expert 'if his [or her] knowledge of the subject matter qualifies him [or her] to offer an opinion that will most likely assist the trier of fact in arriving at the truth.'" *Federal Crop Insurance Corp. v. Hester*, 765 F.2d 723, 728 (8th Cir.1985), *citing Sweet v.*

*United States,* 687 F.2d 246, 249 (8th Cir. 1982); *see also United States v. Bartley,* 855 F.2d 547, 552 (8th Cir.1988); Fed.R. Evid. 702. "The determination of whether an individual qualifies as an expert will not be reversed unless there is a clear abuse of discretion or a clear error of law." *Federal Crop Insurance Corp. v. Hester,* 765 F.2d at 728. "A witness's practical experience can be the basis of qualification as an expert.... The relative skill or knowledge of an expert goes to the weight of that witness's credibility, not its admissibility." *Federal Crop Insurance Corp. v. Hester,* 765 F.2d at 728 (citations omitted).

Johonsson was qualified to testify as an expert on the subject of defendants' aircraft maintenance program. He had been a licensed pilot since 1946. He had been the operator of a jet sales and leasing company similar to that of defendants for over 10 years. He had also been a Gates Learjet district sales manager from 1972–1977 and had attended Gates Learjet flight safety and maintenance seminars. Although not an FAA-licensed mechanic, Johonsson had supervised the maintenance and repair of Learjets and was familiar with the maintenance program recommended by Gates Learjet and with defendants' aircraft inspection and maintenance program. "An expert witness need not be an outstanding practitioner in the field nor have certificates of training in the particular subject." *United States v. Rose,* 731 F.2d 1337, 1346 (8th Cir.), *cert. denied,* 469 U.S. 931, 105 S.Ct. 326, 83 L.Ed.2d 263 (1984).

Accordingly, the judgment of the district court is affirmed.