Edward **FELDER**, Jr., Petitioner-Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 816, Docket 34767.

United States Court of Appeals, Second Circuit.

Argued May 22, 1970.

Decided June 25, 1970.

Certiorari Denied Nov. 9, 1970.

Harry C. Batchelder, Jr., New York City (Henry Huntington Rossbacher, New York City, of counsel), for appellant.

John W. Nields, Jr., Asst. U. S. Atty. (Whitney North Seymour, Jr., U. S. Atty. for the Southern District of New York, William B. Gray, New York City, of counsel), for appellee.

Before SMITH and FEINBERG, Circuit Judges, and TENNEY, District Judge.*

J. JOSEPH SMITH, Circuit Judge:

Felder, sentenced as a Youth Offender on finding of violation of 21 U.S.C. §§ 173 and 174 after a one-day trial to the Court, jury waived, in the United States District Court for the Southern District of New York, Richard H. Levet, Judge, in 1965, moved under 28 U.S.C. § 2255 to vacate sentence, based on a claim of failure to advise of right to appeal without cost to himself. After hearing, the court, Levet, J., denied the motion. We find no error and affirm the order denying the motion.

Felder and counsel who represented him at the trial were the sole witnesses at the hearing. Felder testified that he was not advised of his right to appeal without cost, and that he only learned of this right some eight or nine months later. Counsel testified that he had advised of the right, based on his invariable practice as Legal Aid counsel of advising of the right, asking whether appeal was desired, and if a negative answer was made, of reminding of the ten-day limit and offering to take the appeal if the defendant should change his mind within the ten days.

■■ The court credited counsel's testimony and disbelieved Felder. Appellant contends that the testimony does not meet the standard for establishing waiver of the right to appeal relying heavily on the opinion of the Seventh Circuit in Des Bouillons v. Burke, 418 F.2d 297 (7 Cir. 1969) expressing the test as "clear and convincing" proof. The testimony in the Des Bouillons case, however, involving an incident 22 years before, was far from clear and convincing. The Court in Des Bouillons referred with approval to the rule we have articulated, see United States ex rel. Jefferson v. Fay, 364 F.2d 15 (1966) that the burden of establishing affirmative acquiescence in the surrender of a defendant's right is upon the government. As in all cases of waiver of constitutional rights "a finding of waiver is not lightly to be made," Moore v. Michigan, 355 U.S. 155, 161, 78 S.Ct. 191, 195, 2 L.Ed.2d 167 (1957). Waiver must be "clearly established," Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). We see no need to elaborate on that standard.

■■ Here the critical disagreement on the facts was whether or not counsel did advise Felder of his rights and offer to take the appeal if Felder desired. The court found that counsel did, on evidence it was entitled to credit. That satisfied the government's burden under the most stringent civil standards. Once the government has established waiver, the burden is on the petitioner to show that the waiver was not competently or understandably made. United States ex rel. Jefferson v. Fay, supra. Felder, of course, denied understanding his rights but the court disbelieved him and found that he did understand and waived his right to appeal. On these findings, Felder was not entitled to vacation of sentence.

Affirmed.

---

* District Judge of the Southern District of New York, sitting by designation.