**UNITED STATES of America, Appellee,**

v.

**Roberto Power BENTHIEN, Defendant, Appellant.**

**No. 7776.**

United States Court of Appeals, First Circuit.

Nov. 25, 1970.

---

**1032**

Roberto Power Benthien pro se.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

On September 13, 1967, after a jury finding of guilty, defendant was sentenced in the district court of Puerto Rico by a visiting judge. He was represented by competent counsel, and the court, relying upon counsel, did not itself inform defendant of his appeal rights as required by Fed.R.Crim.P. 32(a) (2). Defendant did not appeal. Thereafter he filed a 28 U.S.C. § 2255 motion seeking to reinstate his right of appeal. The court found that although the trial judge did not advise defendant of his rights, his counsel did so immediately following the imposition of sentence, and defendant told him that he did not wish to appeal. On this basis the court ruled that the failure to comply with Rule 32(a) (2) was harmless error, and denied relief.

 The obvious purpose of Rule 32(a) (2) is to insure that all defendants who might wish to appeal are fully aware of their appeal rights. That purpose, we believe, is best served by allowing a section 2255 motion to reinstate an appeal whenever the trial court has failed to comply with the rule, without regard to whether or not the defendant had obtained knowledge of his rights from some other source. Determination of the extent of a defendant's actual knowledge will often turn solely upon judgments as to the veracity of conflicting witnesses and the reliability of their memories. The natural tendency of counsel is to believe they have fully performed their duties when in fact they may not have and the defendant, for his part, will often have nothing to offer but his own claim of ignorance. For one who was in fact ignorant of his rights such a proceeding is a poor substitute for initial compliance with the rule. Our holding insures that all defendants will receive the protection the rule was intended to provide. It will at the same time serve to warn district judges of the necessity of strict compliance.

Our decision finds support in the views of the Supreme Court when dealing with the effect of the district court's failure to comply with Fed.R.Crim.P. 11 when accepting a guilty plea. McCarthy v. United States, 1969, 394 U.S. 459, 468–472, 89 S.Ct. 1166, 22 L.Ed.2d 418.* The order dismissing the present petition must be vacated. Judgment is entered restoring defendant's right of appeal, and the district court clerk is directed to file the necessary notice pursuant to Rule 32(a) (2). This court will appoint counsel to represent the defendant.

 There remains the question of bail pending appeal. Taking all things into consideration, including the nature of the charge, the absence of the sentencing judge from Puerto Rico and our lack of independent knowledge as to

---

* In Halliday v. United States, 1969, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 recognizing that there was logic in the harmless error approach, the Court ruled that its decision in *McCarthy* was applicable only to guilty pleas accepted after the date that opinion was handed down. The same might be said here, but we need not reach that question.

whether there is any merit in the appeal, we decline to grant bail at this time. If counsel, when appointed, finds reason to move for reconsideration of this matter, he may do so.

Before THORNBERRY, GOLDBERG and AINSWORTH, Circuit Judges.