UNITED STATES of America,
Appellant,

v.

Curtis DRUMMOND, Appellee.

No. 89–1775WA.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 14, 1990.

Decided May 14, 1990.

Larry R. McCord, Fort Smith, Ark., for appellant.

Charles M. Duell, Fort Smith, Ark., for appellee.

Before BOWMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and HUNTER, Senior District Judge.[*]

ELMO B. HUNTER, Senior District Judge.

The government appeals the decision of the district court's order granting appellee's motion pursuant to 28 U.S.C. § 2255 and ordering a new trial on charges for which a jury convicted appellee in 1982. We reverse.

## I. BACKGROUND

A jury convicted appellee Curtis Drummond in 1982 of aiding and abetting the unlawful manufacture of marijuana and of possessing marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The district court sentenced Drummond to five years imprisonment, all but six months of which was suspended in favor of probation. In 1985, while on pro-

bation, a jury again convicted Drummond of aiding and abetting the unlawful manufacture of marijuana and of possessing marijuana with intent to distribute. The court sentenced Drummond to five years imprisonment on the 1985 convictions, revoked the probationary term, and sentenced Drummond to one year for the 1982 convictions. Drummond unsuccessfully appealed one of the 1985 convictions. *See United States v. Short,* 805 F.2d 335 (8th Cir.1986).

■ In 1987, Drummond requested a transcript from the court reporter of the 1982 trial, and the clerk's office advised Drummond that the tapes were no longer available for transcribing. On January 20, 1988, Drummond filed a motion with the district court to obtain a copy of the 1982 trial transcript. The district judge wrote a letter to Drummond explaining that a transcript was not available. Drummond then filed a motion pursuant to 28 U.S.C. § 2255 (1982) attacking his 1982 convictions. Following an evidentiary hearing, the district court found that the trial judge had failed, in violation of Federal Rule of Criminal Procedure 32(a)(2),[1] to inform Drummond of his right to appeal. Relying on case law from other circuits, the court concluded that the remedy for a Rule 32(a)(2) violation is reinstatement of the right to appeal.[2] The court reasoned, however, that reinstatement of the right to appeal would ultimately result in the vacation of the conviction, due to the lack of a trial transcript. Thus, the most expeditious and just resolution would be to grant Drummond a new trial on the 1982 charges. The government has appealed, arguing that the violation of Rule 32(a)(2) constitutes harmless error under Rule 52(a)[3] because Drummond was aware of his right to appeal.

---

[*] The Honorable Elmo B. Hunter, United States Senior District Judge, sitting by designation.

**1.** Fed.R.Crim.P. 32(a)(2) provides in relevant part: "After imposing sentence in a case which has gone to trial on a plea of not guilty, the court shall advise the defendant of the defendant's right to appeal...."

**2.** The procedure for reinstating the right to appeal is to vacate the sentence and remand to the

trial court for resentencing. In *Williams v. United States,* 402 F.2d 548 (8th Cir.1968), the Eighth Circuit indicated approval of this procedure as a remedy for unconstitutional denials of the right to appeal.

**3.** Fed.R.Crim.P. 52(a) provides that "[a]ny error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."

## II. DISCUSSION

 Although strict compliance with Fed.R.Crim.P. 32(a)(2) is not required under Eighth Circuit law, this Circuit has not considered the effect of a trial court's complete disregard for the rule. *Johnson v. United States*, 453 F.2d 1314 (8th Cir.), *cert. denied*, 406 U.S. 927, 92 S.Ct. 1802, 32 L.Ed.2d 129 (1972). Other circuits have expressly held that when a trial court fails to inform a defendant of his right to appeal, the right to appeal must be reinstated without regard to whether the defendant actually knew of his right to appeal. In *United States v. Benthien*, 434 F.2d 1031 (1st Cir.1970), the court held that a trial court's failure to inform a defendant of his right to appeal in compliance with Rule 32(a)(2) constitutes per se reversible error. *Accord United States v. Deans*, 436 F.2d 596, 599, n. 3 (3rd Cir.), *cert. denied*, 403 U.S. 911, 91 S.Ct. 2211, 29 L.Ed.2d 688 (1971); *Nance v. United States*, 422 F.2d 590 (7th Cir.1970); *Paige v. United States*, 443 F.2d 781 (4th Cir.1970).

In support of its holding, the *Benthien* court relied on *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), in which the Supreme Court held that a trial court's failure to comply with Fed.R.Crim.P. 11[4] is per se reversible error. *Benthien*, 434 F.2d at 1032. The 1983 amendment to Rule 11 eliminated *McCarthy*'s "extreme sanction of automatic reversal" by making "clear that the harmless error rule of Rule 52(a) is applicable to Rule 11."[5] Notes of Advisory Committee on Rules, 1983 Amendment. Thus, the *Benthien* court's reliance on the automatic reversal rule of *McCarthy* seriously

undermines its per se approach to 32(a)(2) violations. In addition, the *Benthien*, *Nance*, *Paige* and *Deans* cases are problematic because they fail to discuss the applicability of Fed.R.Crim.P. 52(a) which, if germane, requires a reviewing court to employ a harmless error analysis when reviewing errors committed by a trial court. Significantly, the Supreme Court has said that "Rule 52(a) admits of no broad exceptions to its applicability." *United States v. Lane*, 474 U.S. 438, 448 n. 11, 106 S.Ct. 725, 88 L.Ed.2d 814 (1986).

In *Lane* the Court considered whether misjoinder in violation of Rule 8(b)[6] is per se reversible error. Six circuits, including the Eighth Circuit, had held that misjoinder was indeed per se reversible error. *Id.* at 440 n. 1, 106 S.Ct. at 727 n. 1. The Supreme Court disagreed, holding "that an error involving misjoinder 'affects substantial rights' and requires reversal only if the misjoinder results in actual prejudice...." *Id.* at 449, 106 S.Ct. at 732, 88 L.Ed.2d at 826. "Only by so holding can we bring Rules 8 and 52(a) 'into substantial harmony, not into square conflict.' " *Id.* (quoting *Kotteakos v. United States*, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)).

The Court again considered the propriety of a per se rule of reversibility in *United States v. Mechanik*, 475 U.S. 66, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986). In *Mechanik* the prosecutor had obtained an indictment after two witnesses appeared jointly before the grand jury in violation of Rule 6(d).[7] The Fourth Circuit held that Rule 6(d) violations require automatic reversal of any subsequent conviction regardless of the

---

**4.** Fed.R.Crim.P. 11 governs the procedure for the entry of pleas, especially pleas of guilty and nolo contendere.

**5.** The 1983 amendment to Rule 11 included adoption of subsection (h) which provides:
> Any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded.

**6.** Fed.R.Crim.P. 8(b) provides:
> Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts

or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.

**7.** Fed.R.Crim.P. 6(d) provides:
> Attorneys for the government, the witness under examination, interpreters when needed and, for the purpose of taking the evidence, a stenographer or operator of a recording device may be present while the grand jury is in session, but no person other than the jurors may be present while the grand jury is deliberating or voting.

lack of prejudice because the language of the rule is so "plain and unequivocal in limiting who may appear before a grand jury." *United States v. Mechanik,* 735 F.2d 136, 139 (4th Cir.1984).

■ The Supreme Court reversed, holding that the Rule 52(a) harmless error analysis must be applied to errors occurring before a grand jury. 475 U.S. at 71, 106 S.Ct. at 942. The Court emphasized the social costs of reversing convictions:

[I]t forces jurors, witnesses, courts, the prosecution, and the defendants to expend further time, energy, and other resources to repeat a trial that has already once taken place; victims may be asked to relive their disturbing experiences. The "[p]assage of time, erosion of memory, and dispersion of witnesses may render retrial difficult, even impossible." Thus, while reversal "may, in theory, entitle the defendant only to retrial, in practice it may reward the accused with the complete freedom from prosecution," and thereby "cost society the right to punish admitted offenders." Even if a defendant is convicted in a second trial, the intervening delay may compromise society's "interest in the prompt administration of justice," and impede accomplishment of the objectives of deterrence and rehabilitation. These societal costs of reversal and retrial are an acceptable and often necessary consequence when an error in the first proceeding has deprived a defendant of a fair determination of the issue of guilt or innocence.

*Id.* at 72, 106 S.Ct. at 942 (citations omitted). The Court concluded that the balance tips decidedly in favor of not reversing convictions when the errors complained of are harmless. We believe that disturbing the finality of a judgment by reinstating a defendant's right to appeal entails similarly high social costs that are acceptable only when a defendant has actually been deprived of the right to appeal. In light of *Lane* and *Mechanik,* we decline to adopt the per se approach to Rule 32(a)(2) violations and instead hold that Rule 52(a) re-

quires the reviewing court to determine whether the Rule 32(a)(2) violation actually prejudiced the defendant's right to appeal.

■ The standard for proving whether an error is harmless depends on whether the error is a "constitutional error." *Lane,* 474 U.S. at 446 n. 9, 106 S.Ct. at 730 n. 9. Errors of constitutional magnitude must be shown to be harmless beyond a reasonable doubt. *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1969). A non-constitutional error is harmless unless it had a "substantial influence" on the outcome or leaves one in "grave doubt" as to whether it had such an effect. *Kotteakos v. United States,* 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946). A court's failure to comply with Rule 32(a)(2) is obviously not a constitutional error, nor does it affect a constitutional right. *Jones v. Barnes,* 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983) ("There is, of course, no constitutional right to an appeal").[8] Consequently, the *Chapman* requirement that error be proven harmless beyond a reasonable doubt does not apply. At the same time, however, the *Kotteakos* "substantial influence" test is inapposite because the outcome of the trial is not the focus. Thus, we must adopt a test for determining when a Rule 32(a)(2) violation is harmless.

■ In a pre-Rule 32(a)(2) case, the Second Circuit held that when a petitioner claims he has been denied his right to appeal, the burden is upon the government to establish by clear and convincing evidence that the petitioner waived his right to appeal. *Felder v. United States,* 429 F.2d 534, 535 (2d Cir.), *cert. denied,* 400 U.S. 908, 91 S.Ct. 152, 27 L.Ed.2d 147 (1970). We believe that the *Felder* standard is compatible with *Kotteakos* and is appropriate for determining whether a Rule 32(a)(2) violation actually prejudiced a defendant's right to appeal.

■ The district court found that Drummond knew of his right to appeal. One of Drummond's former attorneys, Eugene

---

**8.** The right to appeal a criminal conviction, however, is unquestionably a substantial right.

*Coppedge v. United States,* 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

Wahl, testified that he and another of Drummond's former attorney's, Bill Murphy, informed Drummond of his right to appeal. "Wahl's testimony was supported by numerous exhibits, including the court's stay of judgment pending appeal, time sheets mentioning discussions of appeal, and a telephone message regarding appeal from Murphy." *United States v. Drummond,* No. 88–2107, slip op. at 3–4 (W.D. Ark. March 6, 1989). This evidence satisfied the district court that Drummond knew of his right to appeal, and we agree. The evidence that Drummond knew of his right to appeal is clear and convincing. Therefore, the sentencing court's violation of Rule 32(a)(2) did not prejudice Drummond's right to appeal and must be disregarded.

Accordingly, we reverse the district court's grant of the writ of habeas corpus, and we reinstate Drummond's conviction and sentence. Because the district court did not rule upon Drummond's other claims, we remand to the district court for further proceedings consistent with this opinion.

HEANEY, Senior Circuit Judge, dissenting.

The majority analyzes the failure of a trial court to inform a defendant of his right to appeal, as is required by Fed.R. Crim.P. 32(a)(2), under a harmless error standard. I cannot agree. Whether we should apply a harmless error analysis must be determined by the purposes of the violated rule. Rule 32(a)(2) was not intended to be subject to harmless error analysis because it was adopted to eliminate litigation over whether the defendant had been apprised of his appeal rights by his attorney. The reasons for requiring strict compliance with the Rule have not diminished, although Rule 32(a)(2) may have successfully made faint our collective memory of the problems which preceded its adoption. Accordingly, I would follow the First, Third, Fourth, Sixth and Seventh Circuits and hold that a trial court's failure to comply with Rule 32(a)(2) requires reinstatement of a defendant's appeal rights.

*Discussion*

Rule 32(a)(2) replaced Rule 37(a)(2), which required a court to inform only unrepresented defendants of their right to appeal. *See* Fed.R.Crim.P. 32, Advisory Committee Notes, 1966 amendment, *reprinted in* Fed.Crim.Code & Rules 105 (1989). Rule 32(a)(2) requires a trial court to inform a defendant at the conclusion of sentencing that he has a right to appeal and that he may proceed in forma pauperis if necessary.[1] A bright-line rule requiring notice in all cases was adopted to eliminate persistent litigation over whether the defendant had been fully informed of his rights by his counsel. *Id.; see, e.g., Henderson v. Cardwell,* 426 F.2d 150, 153–54 (6th Cir.1970) (collecting cases); *Nelson v. Peyton,* 415 F.2d 1154, 1156–58 (4th Cir. 1969), *cert. denied sub nom, Cox v. Nelson,* 397 U.S. 1007, 90 S.Ct. 1235, 25 L.Ed.2d 420 (1970); *Dillane v. United States,* 350 F.2d 732, 733 (D.C.Cir.1965) (per curiam). In *Dillane,* the court welcomed Rule 32(a)(2), noting that "[t]he problem presented by the case before us is, thus, in the process of becoming academic." *Dillane,* 350 F.2d at 733 n. 1.

Rule 52 provides that "[a]ny error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." Fed.R.Crim.P. 52(a). The majority concedes that the right to appeal is

---

1. It provides:

(2) **Notification of Right to Appeal.** After imposing sentence in a case which has gone to trial on a plea of not guilty, the court shall advise the defendant of the defendant's right to appeal, and of the right of a person who is unable to pay the cost of an appeal to apply for leave to appeal in forma pauperis. There shall be no duty on the court to advise the defendant of any right of appeal after sentence is imposed following a plea of guilty or nolo contendere. If the defendant so requests, the clerk of the court shall prepare and file forthwith a notice of appeal on behalf of the defendant.

Fed.R.Crim.P. 32(a)(2). The Rule is mandatory and its text is unambiguous. Moreover, the Federal District Court Benchbook informs the trial court that it must advise the defendant of his right to appeal. Benchbook §§ 1.18A–3, 1.18B–5.

itself a substantial right. Maj. op. at 1174 n. 8. It is not apparent, however, on the face of either Rule 52 or Rule 32 whether harmless error analysis should apply to violations of Rule 32. No circuit which has considered the question, however, has applied harmless error analysis to violations of Rule 32(a)(2). *See Paige v. United States,* 443 F.2d 781, 782 (4th Cir.1971); *United States v. Deans,* 436 F.2d 596, 599 n. 3 (3d Cir.), *cert. denied,* 403 U.S. 911, 91 S.Ct. 2211, 29 L.Ed.2d 688 (1971); *United States v. Benthien,* 434 F.2d 1031, 1032 (1st Cir.1970); *Nance v. United States,* 422 F.2d 590, 592 (7th Cir.1970); *United States v. Smith,* 387 F.2d 268, 270 (6th Cir.1967).

These circuits have reasoned that strict compliance is necessary to avoid repeated litigation over whether the defendant may have otherwise been aware of his right to appeal.

> Rule 32(a)(2) is specific in its command. It is obviously designed to insure that a convicted defendant be advised precisely of his right to appeal and to avoid a situation where the Government claims a defendant is otherwise aware of his right to appeal while the defendant denies such knowledge.

*Paige,* 443 F.2d at 782.

> The obvious purpose of Rule 32(a)(2) is to insure that all defendants who might wish to appeal are fully aware of their appeal rights. The purpose, we believe, is best served by allowing a section 2255 motion to reinstate an appeal whenever the trial court has failed to comply with the rule, without regard to whether or not the defendant had obtained knowledge of his rights from some other source. Determination of the extent of a defendant's actual knowledge will often turn solely upon judgments as to the veracity of conflicting witnesses and the reliability of their memories.... such a proceeding is a poor substitute for initial compliance with the rule.

*Benthien,* 434 F.2d at 1032.

The result reached by these circuits is supported by the Supreme Court's treatment of the violation of Rule 32(a)(2)'s predecessor, Rule 37(a)(2). In *Rodriguez v.*

*United States,* 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969), the defendant's counsel withdrew at the close of sentencing. The trial court failed to apprise the defendant of his appeal rights. The Court vacated the defendant's sentence because of this failure and without remanding for any further findings. *Id.* at 331–32, 89 S.Ct. at 1717–18. Only Justice Harlan dissented, arguing that there was, at most, a harmless error in Rodriguez's case. *Id.* at 334, 89 S.Ct. at 1719 (Harlan, J., dissenting). The Supreme Court rejected this approach and cited favorably the Sixth Circuit decision in *Smith,* which had adopted a per se error rule in interpreting Rule 32(a)(2). *Id.* at 332, 89 S.Ct. at 1718. *Rodriguez* clearly rejects harmless error analysis where a court is required to inform a defendant of his appeal rights.

Moreover, I read our earlier opinion in *Johnson v. United States,* 453 F.2d 1314, 1315–16 (8th Cir.) (per curiam), *cert. denied,* 406 U.S. 927, 92 S.Ct. 1802, 32 L.Ed.2d 129 (1972), as clearly requiring that the trial court itself provide notice to the defendant. There, we rejected the defendant's claim that the trial court had erred because it provided him with notice of his appeal rights upon the return of the jury's verdict rather than at sentencing. We stated:

> It needs no extended analysis to demonstrate that the central purpose of the rule is to achieve prompt and final disposition of criminal cases by securing to the convicted defendant timely and adequate notice of his appellate rights. The master issue in this case is whether or not the notification given here is consistent with that purpose. Of course, in considering this question, it must not be lost sight of that the sentencing judge's responsibility under the rule is one couched in explicit and mandatory terms. Hence, a refusal to discharge that responsibility may require vacation of the sentence and a concomitant remand for resentencing.

*Id.* In support of our admonition that the failure of the trial court to carry out its responsibilities would result in the vacation

of a defendant's sentence, we cited to *Nance* and *Smith. Id.* n. 7. In light of *Johnson,* the Supreme Court's decision in *Rodriguez,* and the decisions of the other circuits, I must conclude that the majority is wrong.[2]

The majority argues that harmless error analysis should nevertheless apply to violations of Rule 32(a)(2) because "[r]ule 52(a) admits of no broad exceptions to its applicability." Maj. op. at 1173 (quoting *United States v. Lane,* 474 U.S. 438, 448 n. 11, 106 S.Ct. 725, 731 n. 11, 88 L.Ed.2d 814 (1986)). The majority notes that, in two recent cases, the Supreme Court has applied Rule 52 to violations of Rule 8(b) (joinder) and Rule 6(d) (grand jury procedures). *See Lane, supra,* (Rule 8(b)); *United States v. Mechanik,* 475 U.S. 66, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986) (Rule 6(d)). *Lane* and *Mechanik* each applied Rule 52 after considering whether the purpose of the respective procedural rules that were violated would be undermined by harmless error analysis. *Mechanik* concluded that the purpose of Rule 6(d) was to protect grand juries from undue influence and rejected the view that the simultaneous presentment of two witnesses to a grand jury necessarily tainted the issuance of an indictment where a second jury subsequently convicted the defendants upon a higher standard of proof. *Mechanik,* 475 U.S. at 70, 106 S.Ct. at 941–42. Rule 8(b) allows the joining of defendants in the same trial where "they are alleged to have participated in the same act or transaction...." Fed.R.Crim.P. 8(b). In light of the fact that Rule 14 requires prejudice for severance, *Lane* simply rejected the view that misjoinder was inherently prejudicial. *Lane,* 474 U.S. at 444, 106 S.Ct. at 729.[3] In light of *Lane* and *Mechanik,* the majority concludes that Rule 52 should apply to violations of Rule 32(a)(2). Maj. op. at 1174.[4]

---

**2.** *See Hoskins v. United States,* 462 F.2d 271, 275 (3d Cir.1972) (interpreting *Johnson* as requiring notice by the court). I am also concerned that our decision conflicts with a recent unpublished per curiam opinion involving exactly the issue we consider today. *United States v. Wixson,* 902 F.2d 1574 (8th Cir.1990). In *Wixson,* the trial court failed to inform Wixson of his right to appeal, but the record indicated that his attorney informed him of his appeal rights. We reversed stating: "It is not necessary that a defendant be informed of his right to appeal at sentencing so long as it is clear that such information was conveyed *by the sentencing court* to the defendant at some point. *See, e.g., Johnson v. United States,* ..." *Id.* While unpublished opinions are not precedent, I am dismayed that we would give two similar petitioners different results in opinions that squarely conflict.

**3.** In *Lane,* two defendants were indicted on several charges, and misjoinder was found only with respect to one count. 474 U.S. at 442–43, 106 S.Ct. at 728–29. The Court relied for its holding, in part, on the fact that Rule 8(b) requires for joinder only that the defendants have allegedly participated in the same acts or transaction, while Rule 14, governing relief from misjoinder, requires prejudice for severance once defendants or claims are joined. *Id.* at 447, 106 S.Ct. at 731.

**4.** The majority also finds support for its view in the alleged implied condemnation of a case cited by the First Circuit in *Benthien, McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). I reach the opposite conclusion.

*McCarthy* held that failure to comply with Rule 11 is per se reversible error. 394 U.S. at 463–64, 89 S.Ct. at 1169–70. Rule 11 was amended in 1983 to allow for harmless error analysis. Fed.R.Crim.P. 11(h). The Advisory Committee Notes indicate, however, that section (h) was added only because Rule 11 was substantially changed in 1975 in ways which significantly increased the chances of "a *truly* harmless error." Fed.R.Crim.P. 11, Advisory Committee Notes, 1983 amendment, *reprinted in* Fed.Crim.Code & Rules 54 (1989) (emphasis in original). The Committee was careful to note that "*McCarthy* ... may have been justified at the time...." *Id.*

Moreover, the Committee noted that "it would *not* be harmless error if the trial judge totally abdicated to the prosecutor the responsibility for giving to the defendant the various Rule 11 warnings ..." *Id.* (emphasis in original). This last comment of the Committee touches upon that portion of the duties imposed on a court under Rule 11 that most closely resemble the duty imposed under Rule 32(a)(2). It indicates that, under Rule 11(h), harmless error is determined by the importance of the duty breached by the trial court, rather than by the actual effect of the trial court's omission on the defendant. Some violations of Rule 11 are thus still subject to per se reversal. "Indeed, it is fair to say that the *kinds* of Rule 11 violations which might be found to constitute harmless error upon direct appeal are fairly limited...." *Id.* (emphasis added).

The majority also considers the social costs of reversing convictions. A bright-line rule requiring post-conviction notice to the defendant of his right to appeal, however, usually requires, in

What the majority fails to appreciate is that the *very purpose* of Rule 32(a)(2) is to avoid a case-by-case evaluation of whether the defendant learned of his appeal rights through other means and a determination of the quality of his understanding. Rules 6(d) and 8(b) do not share that purpose, and *Lane* and *Mechanik* thus shed little light on the issue in this case. The application of harmless error analysis to violations of Rule 32(a)(2) would subvert the particular purposes of the Rule.

### Conclusion

For reasons of judicial economy, it is imperative to have a bright-line rule requiring that judges inform convicted defendants of their right to appeal. The costs of something less include increased habeas litigation, featuring swearing matches between prisoners and their former attorneys over whether or not each defendant was informed of his right to appeal, and more claims of ineffective assistance of counsel. Rule 32(a)(2) was enacted to eliminate the need for fact-finding hearings. Harmless error analysis is inconsistent with the purposes of the Rule. Accordingly, I dissent.

the case of error only, resentencing. In contrast, *Lane* and *Mechanik* both involved errors committed at trial, and reversal for nonprejudicial errors would have required new and costly trials. Many of those very concerns argue in favor of a bright-line rule that would prevent needless post-conviction litigation. Today's case is unusual because the 1982 trial tapes are not available despite the fact that transcripts are supposed to be retained for ten years. 28 U.S.C. § 753 (1982).