FAGG, Circuit Judge.
The Government charged John Joseph Larson with six counts of possession of a firearm by a felon, 18 U.S.C. § 922(g)(1) (1988), one count of possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1) (1988), and one count of using a firearm in relation to a drug trafficking crime, see 18 U.S.C. § 924(c)(1) (1988). Before his trial, Larson filed a motion to suppress evidence found during a consensual search of his mother’s apartment. The district court denied Larson’s motion. The evidence was admitted at Larson’s trial, and a jury convicted Larson of all charges against him. The district court gave Larson a sentence of twenty-four months on the drug and felon-in-possession charges and a consecutive sentence of five years for using a firearm in relation to a drug trafficking crime.
Larson appealed, and we remanded for resentencing in light of United States v. Edwards, 946 F.2d 1347 (8th Cir.1991) (holding state’s restoration of civil rights controls felon status for defendant charged with violation of 18 U.S.C. § 922(g)). On remand, the district court found Arizona law had automatically restored Larson’s civil rights, including the right to possess firearms. The district court nullified Larson’s convictions for possession of a firearm by a felon and gave Larson an eighteen-month sentence on the drug charge and a consecutive sentence of five years for using a firearm in relation to a drug trafficking crime. Larson appeals his convictions and sentences. We affirm.
First, Larson contends the district court should have granted his motion to suppress because his mother did not give valid consent to the search of her apartment. We disagree. To justify a consensual search, the Government has the burden to prove the consent given was voluntary. Bumper v. North Carolina, 391 U.S. 543, 548, 88 S.Ct. 1788, 1791, 20 L.Ed.2d 797 (1968). The voluntariness of consent is a question of fact that depends on the totality of • the circumstances. Sckneckloth v. Bustamonte, 412 U.S. 218, 227, 93 S.Ct. 2041, 2047-48, 36 L.Ed.2d 854 (1973). Consent is voluntary if it is “the product of an essentially free and unconstrained choice by its maker,” id. at 225, 93 S.Ct. at 2046-47, rather than “the product of duress or coercion, express or implied,” id. at 227, 93 S.Ct. at 2047. Thus, consent is involuntary when “under all the circumstances it ... appear[s] that the consent was ... granted only in submission to a claim of lawful authority.” Id. at 233, 93 S.Ct. at 2051; see Bumper, 391 U.S. at 548, 88 S.Ct. at 1791 (consent was involuntary when given only after officials conducting a search falsely asserted they possessed a warrant); United States v. Alberts, 721 F.2d 636, 640 (8th Cir.1983) (same).
Larson asserts his mother’s consent was invalid because she merely acquiesced to authority. The district court found, howev *1024 er, the officers who conducted the search never claimed they had a search warrant. When the officers asked for permission to search, Mrs..Larson stated, “You will probably get a search warrant anyway.” The officers agreed that they probably would. Mrs. Larson then read and signed a consent form.
When a person consents to a search after officers state they will attempt to obtain a warrant if the person does not consent, the consent is not necessarily coerced. E.g., United States v. Duran, 957 F.2d 499, 502-03 (7th Cir.1992); United States v. Twomey, 884 F.2d 46, 50-51 (1st Cir.1989), cert. denied, 496 U.S. 908, 110 S.Ct. 2592, 110 L.Ed.2d 273 (1990); United States v. Tutino, 883 F.2d 1125, 1137 (2d Cir.1989), cert. denied, 493 U.S. 1081, 110 S.Ct. 1139, 107 L.Ed.2d 1044 (1990), and cert. denied, 493 U.S. 1082, 110 S.Ct. 1139, 107 L.Ed.2d 1044 (1990); United States v. Talkington, 843 F.2d 1041, 1049 (7th Cir.1988); United States v. Sebetich, 776 F.2d 412, 424-25 (3d Cir.1985), cert. denied, 484 U.S. 1017, 108 S.Ct. 725, 98 L.Ed.2d 673 (1988); United States v. Culp, 472 F.2d 459, 461 n. 1 (8th Cir.), cert. denied, 411 U.S. 970, 93 S.Ct. 2161, 36 L.Ed.2d 692 (1973). Instead, an officer’s threat to obtain a search warrant is a factor to be considered when examining the totality of the circumstances surrounding consent. Talkington, 843 F.2d at 1049; Sebetich, 776 F.2d at 424. We reject Larson’s argument that the totality of the circumstances analysis does not apply when the facts show acquiescence to authority.
Although Mrs. Larson signed the consent form after the police confirmed her statement that they would probably seek a warrant, the totality of the circumstances indicate Mrs. Larson’s consent was voluntary rather than coerced. See United States v. Chaidez, 906 F.2d 377, 381 (8th Cir.1990) (listing specific factors to consider when examining totality of circumstances). The district court found Mrs. Larson did not hesitate when giving police her consent. She was fifty-seven years old and appeared calm and articulate. Police did not threaten, physically intimidate, or punish her in any way. Mrs. Larson relied on no promises or misrepresentations by police other than what she already believed the police would do if she refused. Mrs. Larson was not in custody, under arrest, or in unfamiliar surroundings when she gave consent. Finally, she cooperated with the police during the search. After considering these factors, the district court found Larson’s mother voluntarily consented to the search. Having reviewed the record, we conclude the district court’s findings are not clearly erroneous.
Second, Larson contends he is entitled to a new trial because the spillover effect from the government’s proof on the felon-in-possession charges improperly influenced the jury on the other two charges. See United States v. Townsley, 843 F.2d 1070, 1081 (8th Cir.1988), cert. dismissed, — U.S. at —, 111 S.Ct. 1406, 113 L.Ed.2d 461 (1991). Evidence proving the felon-in-possession charges included evidence of Larson’s possession of weapons and evidence of his 1977 armed robbery conviction for which he was released in January 1980. The Government asserts this evidence would have been admissible in the absence of the felon-in-possession charges.
We agree with the Government that the evidence of Larson’s possession of weapons is relevant and admissible to show his intent to distribute the cocaine he possessed at the same time. See United States v. Blackman, 904 F.2d 1250, 1258 (8th Cir.1990). The Government asserts Larson’s robbery conviction would be admissible under Federal Rule of Evidence 609 to impeach Larson’s testimony that the cocaine was for personal use and he did not intend to distribute it. We need not decide whether this is a case in which a conviction more than ten years old should be admitted. See Fed.R.Evid. 609(a)(1), (b); United States v. Keene, 915 F.2d 1164, 1169 (8th Cir.1990), cert. denied, — U.S. —, 111 S.Ct. 1001, 112 L.Ed.2d 1084 (1991); United States v. Felix, 867 F.2d 1068, 1073 (8th Cir.1989); United States v. Singer, 660 F.2d 1295, 1300-01 (8th Cir.1981), cert. denied, 454 U.S. 1156, 102 S.Ct. at 1030, 71 *1025 L.Ed.2d 314 (1982). We cannot say the admission of Larson’s earlier conviction had a substantial influence on the outcome of the drug charge and the drug-related firearm charge. See United States v. Drummond, 903 F.2d 1171, 1174 (8th Cir.1990) (explaining harmless error standard), cert. denied, — U.S. —, 111 S.Ct. 759, 112 L.Ed.2d 779 (1991).
At trial, Larson admitted the cocaine found in the jacket belonged to him. The jury knew Larson’s earlier conviction was for robbery, not a drug offense, and the district court instructed the jury the robbery conviction could only be considered to determine Larson’s criminal status for the felon-in-possession charges. The district court also instructed the jury to consider each count separately. Thus, we conclude the jury’s knowledge of Larson’s earlier conviction does not require a reversal and new trial on the drug charge and drug-related firearm charge.
Third, Larson contends the evidence is insufficient to support his conviction for using a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). To prove Larson violated section 924(c)(1), the Government had to show Larson kept the gun readily accessible to facilitate a drug felony in any manner. See United States v. Young-Bey, 893 F.2d 178, 181 (8th Cir.1990); United States v. LaGuardia, 774 F.2d 317, 321 (8th Cir. 1985). The jury convicted Larson of possession with intent to distribute cocaine and Larson does not challenge the sufficiency of the evidence to support that conviction. Accordingly, we need only decide whether the evidence supported a finding that Larson kept the gun to further the drug offense. Viewing the evidence in the light most favorable to the Government and giving the Government the benefit of all reasonable inferences, we conclude sufficient evidence supports the jury’s verdict. Young-Bey, 893 F.2d at 181.
Larson’s mother gave police the gun involved in the section 924(c)(1) count after removing it from Larson’s jacket in the bedroom he used in her apartment. In other pockets of the same jacket, police found the cocaine involved in the drug count and a clip and ammunition for the gun. Police also found a triple beam scale in the bedroom. From this evidence, a reasonable jury could infer Larson violated section 924(c)(1) by carrying the gun to further his drug activity. Id.
Fourth, Larson contends the district court erroneously found he obstructed justice and, thus, the district court improperly increased his base offense level under U.S.S.G. § 3C1.1. Section 3C1.1 provides that a district court must increase a defendant’s base offense level by two if the court finds the defendant attempted to obstruct or impede the administration of justice during the offense’s investigation, prosecution, or sentencing. Shortly after Larson’s arrest, he wrote a letter to a friend from jail asking the friend to
call that Henry in Mason, tell him that I’m saying I was ripped off in the bar and that that friend of Randy's that lives next door was the one who told me that the people who did it were at Randy’s home. Tell him he’s got to get Randy to say the same thing (otherwise they might figure out what really happened and then those guys could be in trouble too).
Larson explained he was merely asking his friend to contact people involved in the incident to determine whether they would tell the truth so Larson could use them as defense witnesses. The district court disbelieved Larson’s explanation and found Larson attempted to manufacture testimony. We conclude the district court’s finding is not clearly erroneous. See United States v. Shoulberg, 895 F.2d 882, 885 (2d Cir.1990) (in reviewing sentence increase for obstruction of justice, question of what defendant meant by note was one of fact reviewable for clear error).
Larson also contends the statements in the letter do not constitute an attempt to obstruct justice. Application note 3(a) to U.S.S.G. § 3C1.1 states the obstruction of justice enhancement applies to direct or indirect attempts to threaten, intimidate, or otherwise unlawfully influence a witness. Larson argues the letter contains no threats or intimidation and his *1026 statements were not an unlawful attempt to influence witnesses. In our view, Larson’s statements constitute an attempt to obstruct justice within the meaning of the guideline. “The solicitation of false testimony generally may be viewed as an obstruction of justice.” United States v. Noland, 960 F.2d 1384, 1391 (8th Cir.1992). Although Larson did not convey his solicitation directly to its targets, the guideline covers indirect attempts. We conclude the district court properly increased Larson’s offense level for obstructing justice. See Shoulberg, 895 F.2d at 885-86.
We affirm Larson’s convictions and sentences.