989 F.2d 505
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
John Eugene SCHULTZ, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 92-3249.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 26, 1993.
Filed: March 3, 1993.
 
 Before FAGG, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 John Eugene Schultz appeals the district court's[1] denial of his request for relief under 28 U.S.C. § 2255. We affirm.
 
 
 2
 Schultz pleaded guilty to one count of transporting a stolen vehicle in interstate commerce and one count of possession with intent to distribute cocaine. Following an evidentiary hearing, the district court increased Schultz's base offense level on the drug count by two levels for possession of a firearm, see U.S.S.G. § 2D1.1(b)(1), and sentenced him accordingly. At sentencing, the court did not advise Schultz of his right to appeal his sentence as required by Federal Rule of Criminal Procedure 32(a)(2). Schultz did not appeal.
 
 
 3
 Schultz filed this motion challenging the two-level increase and asserting that he had not been aware of his right to appeal. The government responded with an affidavit of the attorney who represented Schultz during sentencing, in which the attorney attested that, following sentencing, he had discussed with Schultz the prospects of an appeal of his sentence. Although Schultz denied being informed by his attorney of his right to appeal, he did not offer an affidavit in opposition or other evidence for consideration by the district court. The court found that Schultz had actual knowledge of his right to appeal and that, because Schultz could have directly appealed the increase, collateral relief was unavailable.
 
 
 4
 We have held that a sentencing court's failure to inform a defendant of his right to appeal is "harmless error" if the government can show by clear and convincing evidence that the petitioner knew of his right to appeal. United States v. Drummond, 903 F.2d 1171, 1174 (8th Cir. 1990), cert. denied, 111 S. Ct. 759 (1991). Here, the attorney's affidavit constituted clear and convincing evidence that Schultz knew of his right to appeal. We decline to consider the affidavit of Schultz's daughters, which he submitted to this court, because he did not submit the affidavit below. We conclude that Schultz is barred from challenging the two-level increase in his sentence in this section 2255 proceeding because he could have raised the issue in a direct appeal and he has not shown cause for his procedural default. See Reid v. United States, 976 F.2d 446, 447-48 (8th Cir. 1992), petition for cert. filed, U.S.L.W. (U.S. Dec. 28, 1992) (No. 92-7227).
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Harry H. MacLaughlin, Senior United States District Judge for the District of Minnesota