23 F.3d 406
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Ennis FLOWERS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-2588.
 United States Court of Appeals, Sixth Circuit.
 April 28, 1994.
 
 Before: MERRITT, Chief Judge; KENNEDY and NELSON, Circuit Judges.
 
 ORDER
 
 1
 Ennis Flowers, a federal prisoner, moves for pauper status, requests the appointment of counsel, and appeals a district court order denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Flowers entered a guilty plea to a charge of possession with intent to distribute two kilograms of cocaine. He was sentenced to 125 months of imprisonment and eight years of supervised release and fined $8000. On direct appeal, he challenged the denial of his motion to suppress the cocaine. His conviction was affirmed. United States v. Flowers, 909 F.2d 145 (6th Cir.1990) (per curiam). In this motion to vacate sentence, Flowers argued that the district court failed to inform him of the right to appeal his sentence, that his prior convictions listed in the presentence report were invalid, that his plea was not voluntary because he was under the influence of drugs, and that his counsel was ineffective. The district court denied the motion after discussion of the merits of the claims raised.
 
 
 3
 Upon review, we conclude that this motion was properly denied for the reasons stated by the district court. It appears from the record that Flowers was aware of his right to appeal his sentence, as he was advised of that right at his plea hearing, was reminded at sentencing of his right to appeal the suppression ruling, and generally had extensive experience with the criminal justice system. Therefore, any error in this regard at sentencing was harmless and does not warrant relief under Sec. 2255. See United States v. Timmreck, 441 U.S. 780, 783-84 (1979); United States v. Drummond, 903 F.2d 1171, 1174-75 (8th Cir.1990), cert. denied, 498 U.S. 1049 (1991).
 
 
 4
 The claims that his prior convictions were invalid and that his plea was involuntary because he was under the influence of drugs are contradictions of what Flowers stated at his guilty plea and sentencing hearings. His statements at the hearings are presumed valid, and subsequent conclusory allegations to the contrary are subject to summary dismissal. See Blackledge v. Allison, 431 U.S. 63, 74 (1977). Moreover, Flowers must do more than simply allege that his prior convictions were invalid. See Parke v. Raley, 113 S.Ct. 517, 525 (1992).
 
 
 5
 Finally, Flowers has not established that his counsel's performance was deficient, or that, but for the alleged deficiencies, he would not have entered a guilty plea. See Hill v. Lockhart, 474 U.S. 52, 59 (1985).
 
 
 6
 To the extent Flowers has raised new issues in his appellate brief, they will not be reviewed as they were not raised in the district court. See Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987).
 
 
 7
 Accordingly, the motion for pauper status is granted, and the request for counsel is denied. The district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.