Richard McCUMBER, Appellant,

v.

UNITED STATES of America, Appellee.

No. 93–2986.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 9, 1994.

Decided June 27, 1994.

Thomas M. Dawson, Leavenworth, KS, for appellant.

Richard J. Marien, Kansas City, MO, for appellee.

Before McMILLIAN, MAGILL and BEAM, Circuit Judges.

PER CURIAM.

Richard McCumber appeals from the final order entered in the District Court[1] for the Western District of Missouri, denying his 28 U.S.C. § 2255 motion to vacate his sentence. For the reasons discussed below, we affirm.

McCumber pleaded guilty, pursuant to a written plea agreement, to one count of conspiracy to distribute approximately 100 kilograms of marijuana, in violation of 21 U.S.C. § 846, and to one count of using a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c). In the plea agreement, McCumber agreed that U.S.S.G. §§ 2D1.1 and 2D1.4 were most applicable to the statute of conviction as to the conspiracy count, and that, based on approximately 260 kilograms of marijuana, the base offense level was 26.

The presentence investigation report (PSR) provided that, after a two-point acceptance of responsibility reduction, McCumber's total offense level was 24 and his criminal history category was I, yielding a Guideline range of 51–63 months. McCumber's counsel filed written objections to the PSR, arguing that the total offense level should be 22 because "the amount of kilograms is incorrectly stated." At sentencing, however, McCumber stated that he had no objections to the PSR. The district court sentenced McCumber to 60 months (the mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B)) on the conspiracy count, a consecutive 60 months on the firearm count, four years of supervised release, and a $100 special assessment. The district court did not mention any appeal rights at sentencing.

McCumber filed an amended § 2255 motion to vacate, arguing that neither the district court nor his attorney advised him of his right to appeal after sentencing. McCumber noted that, although he accepted the calculation of the base offense level in the plea agreement, the agreement was not completely binding. McCumber noted that he had filed objections to the quantities alleged in the PSR, and that in counsel's deposition, counsel could not recall advising McCumber of his right to appeal. McCumber argued that Fed.R.Crim.P. 32(a)(2) required the district court to advise him of his right to appeal his sentence, that he was not required to prove prejudice, and that, even if proof of prejudice were required, he could prove he was prejudiced because the district court failed to resolve his objections to the drug quantities in the PSR.

The district court denied the § 2255 motion, concluding that the district court's failure to advise McCumber of his right to appeal the sentence was harmless error because McCumber had not objected to the PSR at sentencing and the sentence imposed was within the Guidelines. Even if the sentence were vacated to permit McCumber to appeal, the district court held that there would be nothing to appeal. The district court denied McCumber's motion to reconsider.

On appeal, McCumber argues that the district court's failure to advise him of his right to appeal is a per se violation of Fed. R.Crim.P. 32(a)(2); but if prejudice must be demonstrated, he can show that the district court erred in not resolving Rule 32(c)(3)(D) disputes related to the quantity of marijuana involved, or he can show that his counsel was ineffective for not properly objecting at sentencing to the drug amounts in the PSR, both of which are issues that could be presented on direct appeal.

■ We have held that a sentencing court's failure to inform a defendant of the right to appeal following a jury conviction is "harmless error" if the government can show by clear and convincing evidence that the defendant knew of the right to appeal. *United States v. Drummond*, 903 F.2d 1171, 1174 (8th Cir.1990), *cert. denied*, 498 U.S. 1049, 111 S.Ct. 759, 112 L.Ed.2d 779 (1991). We see no reason for not applying the same analysis in the guilty-plea context, where appeal rights are more limited. *See* 18 U.S.C. § 3742(a). Thus, applying *Drummond*, McCumber must show that prejudice result-

---

1. The Honorable Russell G. Clark, Senior United States District Judge for the Western District of Missouri.

ed from the district court's failure to adhere to Rule 32(a)(2).

■ We agree with the district court's conclusion that the violation of Rule 32(a)(2) here was harmless because McCumber had nothing to appeal. McCumber abandoned any objections he had to the base offense level by not raising such objections to the PSR at sentencing. *See United States v. Durham*, 963 F.2d 185, 186 (8th Cir.), *cert. denied*, — U.S. ——, 113 S.Ct. 662, 121 L.Ed.2d 587 (1992).

■ McCumber argues that if his objections were abandoned, then such abandonment constituted ineffective assistance of counsel, a claim which could have been presented on appeal. Although in limited circumstances an ineffective-assistance claim can be raised on direct appeal, *see United States v. Williams*, 897 F.2d 1430, 1434 (8th Cir.1990), we generally decline to consider such claims on direct appeal because the record usually is not sufficiently developed to review it, *see United States v. Thompson*, 972 F.2d 201, 204 (8th Cir.1992); such claims are more properly raised in a § 2255 motion. McCumber, however, has not presented in this motion any facts to support an ineffective-assistance claim.

We wish to emphasize that good practice dictates strict compliance with the requirements of Fed.R.Crim.P. 32(a)(2) to avoid the need to consider harmful or harmless error on appeal.

Accordingly, we affirm the judgment of the district court.