32 F.3d 571
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Said Yitzchak MAHALLI, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 94-1469.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 19, 1994.
Filed: August 1, 1994.
 
 Before MAGILL, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Said Yitzchak Mahalli appeals the district court's[1] denial of his 28 U.S.C. Sec. 2255 motion. We affirm.
 
 
 2
 Mahalli, in accordance with a plea agreement, pleaded guilty to mail fraud, money laundering, and unlawful interstate transportation of securities. In his section 2255 motion and on appeal, Mahalli argued that he was denied effective assistance of counsel because: (1) counsel advised him to plead guilty to money laundering when the facts alleged in the superseding information and plea agreement were insufficient, as a matter of law, to support the charge, and (2) counsel failed to assure that restitution was properly calculated, because he was required to pay more than the maximum statutory amount. Mahalli also argued that his sentence must be vacated because he was not advised of his right to appeal, and he moved for oral argument.
 
 
 3
 We conclude that Mahalli was not denied effective assistance of counsel. Mahalli pleaded guilty to money laundering in violation of 18 U.S.C. Sec. 1956(a)(1)(B)(i)-conducting or attempting to conduct financial transactions "to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity." After carefully reviewing the record, we conclude that the superseding information to which Mahalli pleaded guilty contained sufficient allegations to support the money laundering charge and that Mahalli admitted these allegations in the plea agreement. The district court also properly calculated the amount of restitution. Contrary to Mahalli's assertion, the minimum amount of damages permitted by statute for violation of the odometer laws is $1500. See 15 U.S.C. Sec. 1989(a)(1). The superseding information alleged, and the plea agreement indicated, that Mahalli sold at least twenty-three cars with rolled back odometers. In addition, the plea agreement indicated restitution would be in an amount of at least $30,000.
 
 
 4
 We also conclude that the district court's failure to advise Mahalli of his right to appeal after sentencing was harmless because he has not established prejudice. See United States v. Drummond, 903 F.2d 1171, 1174 (8th Cir. 1990) (court's failure to advise defendant of right to appeal following conviction is harmless if defendant cannot establish prejudice), cert. denied, 498 U.S. 1049 (1991). We deny Mahalli's request for oral argument.
 
 
 5
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable John Bailey Jones, Chief Judge, United States District Court for the District of South Dakota