**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                         No. 95-5603

ROBERT SHULMAN,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                         No. 95-7222

ROBERT SHULMAN,
Defendant-Appellant.

Appeals from the United States District Court
for the District of Maryland, at Baltimore.
John R. Hargrove, Senior District Judge.
(CR-91-378-HAR, CA-95-1149-HAR)

Submitted: January 30, 1996

Decided: May 13, 1996

Before WILKINSON, Chief Judge, WILLIAMS, Circuit Judge, and
CHAPMAN, Senior Circuit Judge.

_____


No. 95-5603 dismissed and No. 95-7222 vacated and remanded by
unpublished per curiam opinion.

_____

**COUNSEL**

Alan Ellis, Peter Goldberger, James H. Feldman, Jr., LAW OFFICES OF ALAN ELLIS, P.C., Ardmore, Pennsylvania, for Appellant. Lynne A. Battaglia, United States Attorney, Gary P. Jordan, First Assistant United States Attorney, Lawrence G. McDade, Deputy Director, Office of Consumer Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In 1992, Robert Shulman pled guilty to conspiracy to evade Food & Drug Administration (FDA) regulations, 18 U.S.C.A.§ 371 (West Supp. 1995); obstruction of federal agency proceedings, 18 U.S.C.A. § 1505 (West Supp. 1995), 18 U.S.C. § 2 (1988); wire fraud, 18 U.S.C.A. § 1343 (West Supp. 1995), 18 U.S.C.§ 2; and making false statements to a federal agency, 18 U.S.C.A. § 1001 (West Supp. 1995), 18 U.S.C. § 2. In January 1993, Shulman was sentenced to serve a term of 60 months imprisonment.[1] He did not appeal.

In 1995, Shulman filed a motion to vacate sentence under 28 U.S.C. § 2255 (1988), challenging his sentence on various grounds and asserting that the district court violated Federal Rule of Criminal Procedure 32(a)(2)[2] by failing to inform him of his right to appeal his sentence. The district court denied Shulman's § 2255 motion but granted him ten days to file a belated appeal from his sentence. Shul-

_____

[1] Shulman also pled guilty to a violation of the Sherman Act, 15 U.S.C.A. § 1 (1988), which was charged separately. He received a 21-month concurrent sentence which he does not challenge.

[2] Now Fed. R. Crim. P. 32(c)(5).

2

man subsequently noted an appeal from the original sentencing order and also from the denial of his § 2255 motion. We dismiss the appeal from the original sentence for lack of jurisdiction. We vacate the order denying Shulman's § 2255 motion and remand for resentencing.

No. 95-5603

In criminal cases, a defendant must file his notice of appeal within ten days of the entry of judgment. Fed. R. App. P. 4(b). The district court may extend the time for filing a notice of appeal for thirty days upon a showing of excusable neglect with or without a motion being filed, but may not otherwise extend the time for filing a notice of appeal. United States v. Reyes, 759 F.2d 351, 353 (4th Cir.), cert. denied, 474 U.S. 857 (1985); United States v. Schuchardt, 685 F.2d 901 (4th Cir. 1982).

Although on July 18, 1995, the district court granted Shulman ten days to appeal from his 1993 sentence and Shulman filed a notice of appeal within ten days, the notice of appeal is ineffective because the district court lacked authority to extend the time for filing beyond forty days after entry of judgment. Fed. R. App. P. 26(b); Schuchardt, 685 F.2d at 902. While the government states that the district court entered a new judgment, neither the district court's order nor the district court docket sheet reflects the reentry of judgment. Consequently, this Court is without jurisdiction to hear the appeal.

No. 95-7222

Under Fed. R. Crim. P. 32(c)(5) and former subdivision (a)(2), a defendant must be apprised at sentencing of his right to appeal. At the time Shulman was sentenced, the Rule required that a defendant who had entered a guilty plea be informed of his right to appeal his sentence. This Circuit and most other circuits have held that a failure to advise a defendant of his right to appeal is per se reversible error requiring resentencing. Paige v. United States , 443 F.2d 781, 782 (4th Cir. 1971); see also Reid v. United States, 69 F.3d 688, 689 (2d Cir. 1995); Biro v. United States, 24 F.3d 1140, 1141-42 (9th Cir. 1994); United States v. Deans, 436 F.2d 596, 599 n.3 (3d Cir.), cert. denied, 403 U.S. 911 (1971); United States v. Benthien , 434 F.2d 1031 (1st Cir. 1970); Nance v. United States, 422 F.2d 590, 592 (7th Cir. 1970);

3

United States v. Smith, 387 F.2d 268, 270-71 (6th Cir. 1967); but see United States v. Drummond, 903 F.2d 1171, 1173-75 (8th Cir. 1990), cert. denied, 498 U.S. 1049 (1991) (failure to notify defendant of right to appeal is harmless error if defendant knew of right to appeal); see also McCumber v. United States, 30 F.3d 78, 79-80 (8th Cir. 1994) (applying harmless error test in guilty plea context). The government concedes that the district court failed to inform Shulman at sentencing that he had the right to appeal his sentence. Under Paige, resentencing is therefore required.

Shulman requests that he be resentenced by a different judge. Under the test adopted by this Court in United States v. Guglielmi, 929 F.2d 1001, 1007 (4th Cir. 1991), remand to a different judge may be appropriate in certain circumstances even though the judge has not demonstrated bias. The test is:

> (1) Whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously expressed views or findings determined to be erroneous or based on evidence that must be rejected,

> (2) Whether reassignment is advisable to preserve the appearance of justice, and

> (3) Whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of justice.

Shulman maintains that resentencing before a different judge is necessary to preserve the appearance of justice because the district court would have difficulty setting aside its previously expressed view that his company's fraud in getting FDA approval for its generic drugs necessarily meant that his customers received nothing of value for their money. We discern no basis for holding that Judge Hargrove would be unable or unwilling to make any necessary findings when resentencing Shulman. Reassignment would require another judge to expend time in becoming familiar with the record in Shulman's case.

4

We therefore dismiss the appeal in No. 95-5603 for lack of jurisdiction. We vacate the district court's order denying Shulman's § 2255 motion and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 95-5603 - <u>DISMISSED</u>

No. 95-7222 - <u>VACATED AND REMANDED</u>

5